# Robert W. White v. The State.

No. 20507. Delivered June 23, 1939.
Rehearing Denied October 18, 1939.

The opinion states the case.

*Willis & Via,* of Pampa, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged with and convicted of the crime of an assault with intent to rape on Eula Bee Campbell, a girl twelve years of age, and by the jury given a penalty of eight years in the penitentiary.

The sordid facts show that the appellant, a man thirty-nine years of age, had been a visitor at the home of the little girl, and that on the night in question he came to her home, in the town of Pampa, and found her parents were absent, and the little girl was in bed. After maneuvering around in the house, for a while and ascertaining that the girl was alone, he turned out the burning gas lights and got in bed with the child without removing his clothes, and endeavored to have intercourse with her. She put up a valiant fight, and because either of her resistance or his inability to effect a penetration, or for some other reason, he did not enter her body with his male organ. The little girl was an exceptionally bright witness, and made out a case against the appellant of an assault with intent to rape. There was very little, if any, probative matter introduced by appellant that would contradict the evidence of the girl. Practically his only defense was that he was under the influence of marihuana, and did not remember what he did at the scene of the alleged crime.

Bill of exceptions No. 1 reflects a serious matter. As shown therein it seems that after the officers had arrested appellant at the little girl's home and had taken him to the jail, they searched his person and found thereon a small book of lewd and lascivious pictures, portraying a sexual adventure between a man and a woman, and over appellant's objections this book was introduced before the jury and by them passed around and examined, and by the trial judge ordered sent down with the record for our examination. Unquestionably such was damaging to appellant's case, and may have caused him to have received the verdict of eight years that was awarded him. Had the exhibition of this book been utilized in any way by appellant in his alleged offense, that is had he shown the same to the little girl for any purpose, such as to excite her sexually, then we are of the opinion that its exhibition before the jury would have been proper. We find a case very similar to the

instant one reported in 141 Pac. Rep. 945, People v. Scott, in which it is said: "* * Any act or declaration of defendant tending to show a desire or purpose on his part to have illicit relations with the prosecutrix, or any solicitation or representation made by him to excite a similar desire on the part of his victim, or to overcome her natural aversion to wantonness, would be relevantly and clearly connected with the crime and therefore admissible."

In this case, however, we do not find any use of this book and its pictures; it is only found on appellant's person after his arrest, and not ever referred to by the prosecuting witness. Undoubtedly the exhibition of the filthy pictures before the jury would cause them to believe that a person who carried such a book around on his person bade fair to be a sexual pervert, and in their contempt for him it is easily possible that it militated against any leniency in their verdict, which did not award the lowest penalty.

We do not find ourselves in sympathy with appellant's contention that the facts are insufficient to support a charge of an assault with intent to rape. According to the prosecutrix, appellant got in her bed and tried to pull her pajamas down, and she fought him and scratched him, and while he was struggling with her he offered her "a dollar and the best Christmas present I ever had;" that he bit her on the stomach three times or more, and below her stomach; that she finally slipped away from him; that he followed her and put his hand over her mouth and kept her from screaming; that she got to the telephone and rang her grandmother's phone, and her mother answered, but before she could say anything appellant took the phone away from her; she kept on crying and saying that she wanted her mama, and in a few moments her mother came, and the grandmother and step-father had some kind of an altercation and struggle with appellant. The doctor was called, and he said he found a little twelve year old girl in bed, suffering, crying and hysterical, scared and excited. There were bruises and some scratches over her body, and one pretty bad bruise over the pubic bone, and several scratches on her legs, enough to draw blood in two or three places. There was a seminal fluid on her pajamas. We think the testimony was sufficient to establish the allegation in the indictment.

The prosecutrix's own testimony is evidence of her vigorous resistance, which coupled with appellant's weakness from whisky and a narcotic might have resulted in her successfully thwarting him in his purpose. We quote her testimony: "I was

dressed in my pajamas at the time, and I had them on all the time that Mr. White was in the bed, and he tried to pull them down, and I tried to pull them back up and fought with him with all my strength."

Appellant also complains that the age of the little girl was not satisfactorily shown by the testimony to have been under the age of eighteen years. To this we do not agree. The little girl testified that she was twelve years old, and Dr. R. M. Brown's testimony shows her to be of the same age.

The complained of error set forth in bill of exceptions No. 3 will not probably occur again and is not further noticed.

It is also complained that the court did not charge the jury that if the defendant was suffering from an attack of temporary insanity, then he could not have formed a specific intent to commit the crime charged herein. An answer to this complaint is found in the proposition that the court did charge the jury that if they believed that the defendant was in such a state of temporary insanity, produced by the recent use of the drug marihuana, as not to know the right and wrong of the contemplated act, then that they should acquit him. However we observe that the 46th Legislature, as shown on page 580, Vernon's Session Law Service, has amended Art. 36, Penal Code, the temporary insanity law as produced by the recent use of ardent spirits, and added thereto the recent use of narcotics, or a combination of spirits and narcotics, so that such a condition is no longer a defense but can only be offered in mitigation of the penalty, if the jury see fit to use the same for such a purpose. This law took effect, however, on May 15, 1939, which was after the commission of this charged offense, and will not affect this cause in the event of another trial.

We do not think there was any error exhibited herein other than the admission and exhibition of this picture book, and on account of its erroneous admission this judgment is reversed and the cause remanded.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

The State, by the District Attorney in and for the 31st Judicial District of Texas, has filed a concise motion for a rehearing in which he seriously contends that we erred in our original opinion in holding that the little booklet found in appellant's pocket when arrested soon after the commission of

the alleged offense was not admissible as evidence against him. Neither the booklet nor the drawings or printed matter therein was appellant's production, and should not have been used in evidence against him on his trial for an assault to rape. A person can only be bound by his own acts and conduct and not that of another. Although he had the obscene booklet in his possession when arrested, it would not be evidence of a criminal intent. It might be that it would tend to show sexual desire, but not necessarily that he intended to engage therein in violation of the law. Sexual desire is embodied in every normal creature intended by God to reproduce, and man is no exception to the rule. This is a well known fact, whether he exhibits it by a booklet or keeps it concealed within his bosom. But it does not follow that by reason of the possession of a booklet depicting scenes which are demoralizing, that such possession would tend to show a criminal intent to violate the law of God and man.

We have carefully considered the case of Warren v. State, 259 S. W., 575, which the State contends supports its position. In that case appellant was convicted of an assault with intent to rape a white lady. The defendant, a negro, interposed a plea of insanity. There was considerable testimony offered, bearing on his state of mind. One witness testified that about a year or more prior to the commission of the offense, he and appellant were at work; that a white lady passed and appellant remarked: "Don't the way women folks dress these days tempt you? It does me."

This testimony was admitted by the trial court over the objection of appellant and this court, speaking through Judge Morrow, said: "These remarks were somewhat remote but were not improperly received as bearing upon the intent of appellant and the state of his mind."

We do not regard this holding as being contrary to our holding in this case as expressed in the original opinion. In the first place, white women in this part of the United States do not willingly submit to sexual intercourse with negroes, whatever may be their conduct in other parts, and when a negro expresses a desire for sexual intercourse with a white woman, it leads to the conclusion that he entertains a criminal intent, only awaiting an opportunity for the intended assault. In the second place, the testimony in Warren's Case was admissible as bearing on the soundness of appellant's mind. However, we think that the rule announced in the Warren Case relative to the admissibility of evidence went just as far as it might reasonably have gone, and we have no disposition to

extend it any further. Nor do we think that the case of Adams v. State, 252 S. W., 797 supports the State's contention.

Believing the case was properly disposed of in our original opinion, the motion for a rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved. by the Court.