M. A. KENNEDY v. THE STATE.

No. 21656. Delivered June 25, 1941.

The opinion states the case.

*Roy A. Scott,* of Corpus Christi, and *E. H. Crenshaw, Jr.,* of Kingsville, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.
Statutory rape is the offense; the punishment, five years in the State penitentiary.

Prosecutrix was fourteen years of age. She testified to an act of sexual intercourse with appellant, occurring at night at a tourist camp in Corpus Christi. A younger sister, who was present, testified to facts corroborating the prosecutrix.

A doctor examined prosecutrix about two months thereafter, and, as a result, was able to express the opinion that, at some time prior thereto, prosecutrix had engaged in an act of intercourse with a male person.

The circumstances under which the act was accomplished are rather meager. Prosecutrix said that she and her sister were carried to the tourist camp, by appellant, after he had obtained the consent of their father for them to spend the week-end with him. As to the accomplishment of the act, she said:

"After my little sister and I went to bed, something happened during the night. When I woke up he was on top of me. You ask me to describe to the jury what he was doing to me when I woke up, to tell them what he did with reference to his

private parts and with reference to my private parts. I will answer by saying that when I woke up he was on top and he was shaking the bed and I told him to stop, 'I was going to tell Daddy.' I told him, 'My little sister is too; she is beside me and she is awake.' I kept fussing with him and finally he got off. You ask me, 'Did he have his private parts inside my private parts,' and I will answer that, 'Yes, sir'."

Upon cross-examination, prosecutrix admitted that she had not complained to her father or any other person about appellant's conduct until about the time this prosecution was commenced. It appears that the accusation was the result of an investigation by assistant to the juvenile officer of the City of Corpus Christi.

The appellant did not testify as a witness in his own behalf, nor did he offer any affirmative defensive testimony.

Prosecutrix testified that, about six weeks after the commission of the alleged offense, she and her sister were again in company with appellant, at another tourist camp in Corpus Christi, and that she and her sister remained there for a few days. She said that, during this time, appellant conducted himself in a lascivious and immoral manner before them, engaging in relating to them nasty jokes, showing them nasty pictures, and exhibiting his privates, and that he offered to pay them money if they would engage in an unnatural, sodomous act with him.

Appellant objected to this testimony because it was immaterial, irrelevant and highly prejudicial. The objection should have been sustained. White v. State, 131 S. W. (2d) 968, 137 Tex. Cr. R. 481.

In the White case, there was a conviction for assault with intent to rape. When the accused was arrested, there was found upon his person a small book of lewd pictures. There was no evidence that the book of lewd pictures was in any way connected with the offense charged. In holding the introduction of the book in evidence reversible error, we said:

"Undoubtedly the exhibition of the filthy pictures before the jury would cause them to believe that a person who carried such a book around on his person bade fair to be a sexual pervert. * * *"

The testimony here presented over appellant's objection not only authorized the opinion that appellant was a sexual pervert but also tended strongly to establish such as a fact.

In view of the facts as a whole, the conclusion is reached that reversible error is shown.

Bills of exception appear complaining of argument of State's counsel as being a reference to appellant's failure to testify. The case being reversed upon the grounds stated renders it unnecessary to appraise these bills of exception.

We again caution counsel for the State that argument which in any manner could be construed as violating the rule inhibiting reference to the failure of the accused to testify should not be indulged in.

For the error discussed, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.