544 P.2d 1121

**STATE of Arizona, Appellee,**

v.

**Vernon NATZKE, Appellant.**

**No. 1 CA–CR 1193.**

Court of Appeals of Arizona,
Division 1,
Department B.

Jan. 20, 1976.

Rehearing Denied May 4, 1976.
Review Denied June 2, 1976.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Chief Counsel, Crim. Div. and Georgia C. Butcher Ellexson, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Rudy J. Gerber, Deputy Public Defender, Phoenix, for appellant.

## OPINION

HAIRE, Chief Judge, Division 1.

After a trial by jury, appellant was convicted of one count of second degree rape and one count of lewd and lascivious conduct. He was sentenced to not less than ten nor more than thirty years on each count, the terms to run concurrently. According to the testimony of appellant's thirteen year old daughter and his eight year old son, appellant on August 14, 1974 and on numerous other occasions over the prior two and one-half years had sexual intercourse with his daughter and performed acts of cunnilingus with her.

On appeal, appellant raises three issues:

1. Whether the trial court erred in admitting a statement by defendant which was purportedly obtained in violation of defendant's right to counsel.

2. Whether the trial court erred in admitting into evidence certain magazines and pictures from magazines showing sexual conduct.

3. Whether Arizona's lewd and lascivious statute is unconstitutionally vague.

On the first issue, appellant contends that at the time he was arrested, he requested that he be allowed to see an attorney, but that nevertheless he was interrogated by the police without an attorney present. Over appellant's objections, the statements he made to the police during this interrogation were admitted into evidence.

The State concedes that the interrogation of a defendant following denial of requested counsel is a violation of defendant's right to counsel under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694 (1966). However, we need not reach this issue because the facts refute appellant's contention that he requested an attorney prior to questioning.

A review of the record shows that a conflict exists between the testimony of appellant, who claims he requested an attorney, and the interrogating police officers, who testified that appellant did not make such a request. After hearing this testimony, the trial court found that the statements were voluntary and were admissible into evidence.

In cases where there is a conflict in the evidence and there is substantial evidence to uphold the trial court's finding, we must abide by the judgment of the trial judge who has had the opportunity to observe the witnesses and hear the testimony firsthand. *State v. Hughes*, 104 Ariz. 535, 456 P.2d 393 (1969). In the current case there is substantial evidence to support the trial court's finding and we cannot say that the trial court abused its discretion in admitting appellant's statement into evidence.

For his second ground on appeal, appellant claims that the trial court erred in admitting into evidence magazines and pictures from magazines which were found in appellant's bedroom. These pictures depict various scenes of intercourse, fellatio, cunnilingus, masturbation and other sexual acts. There were also pictures of nude men and women not engaged in sexual acts. Appellant claims that these were highly inflammatory and prejudicial and should not have been admitted into evidence. He also claims that because his daughter was not asked to specifically identify the magazines and other pictures, there was insufficient foundation for their admission.

Udall states:

"In a prosecution for a sex crime, pornographic pictures found under the control or in the possession of the defendant

may be admitted in the court's discretion to evidence the defendant's lustful desire or purpose." Udall on Evidence, § 132 (1960).

For this proposition, Udall cites *State v. McLain*, 74 Ariz. 132, 245 P.2d 278 (1952) and *People v. Scott*, 24 Cal.App. 440, 141 P. 945 (1914). In *McLain*, quoting *Scott*, the court stated:

"* * * Any act or declaration of defendant tending to show a desire or purpose on his part to have illicit relations with the prosecutrix or any solicitation or representation made by him to excite a similar desire on the part of his victim, or to overcome her natural aversion to wantonness, would be relevantly and clearly connected with the crime and therefore admissible." 74 Ariz. at 136, 245 P.2d at 281.

However, in *McLain*, *Scott* and the cases citing them which have come to our attention, it has been established at trial that the specific pornographic photographs involved had been shown to the victims of crimes. On the other hand, in *White v. State*, 137 Tex.Cr. 481, 131 S.W.2d 968 (1939), the court reversed a defendant's conviction because a book of lewd pictures found in defendant's pocket was admitted into evidence, distinguishing *Scott* on the grounds that in White there was no showing that this book had been utilized in any way by the defendant in his alleged offense. Thus, it is apparent that the broad rule stated in Udall is subject to limitation. In ruling on the State's petition for rehearing in *White*, the Texas court stated:

"Neither the booklet nor the drawings or printed matter therein was appellant's production, and should not have been used in evidence against him on his trial for an assault to rape. A person can only be bound by his own acts and conduct and not that of another. Although he had the obscene booklet in his possession when arrested, it would not be evidence of a criminal intent. It might be that it would tend to show sexual desire, but not necessarily that he intended to engage therein in violation of the law. Sexual desire is embodied in every normal creature intended by God to reproduce, and man is no exception to the rule. This is a well known fact, whether he exhibits it by a booklet or keeps it concealed within his bosom. But it does not follow that by reason of the possession of a booklet depicting scenes which are demoralizing, that such possession would tend to show a criminal intent to violate the law of God and man." 131 S.W.2d at 970.

We agree that the mere possession of pornographic or sexually oriented literature does not show an intention or propensity to violate the law. Particularly with the widespread distribution of so-called adult magazines, we do not think that the mere possession of such literature alone shows any propensity towards the type of sexual attack found in the current case. However, where there is evidence of the use of such pictures in connection with the perpetration of the crime charged, then in our opinion such pictures become relevant and are admissible. In the current case, the testimony was that appellant's daughter expressed a reluctance to perform the requested sexual acts, that appellant told her that these acts were all right and that "everybody does it", and that as proof of this fact, appellant showed his daughter pictures and magazines showing sexual activities. These were kept in his bedroom. According to his daughter, these magazines showed naked people "doing stuff", and appellant showed these magazines to her on a variety of occasions.

During their investigation, the police seized a number of pictures and magazines found in appellant's bedroom and these were admitted into evidence. However, neither the police nor the prosecutor asked appellant's daughter to specifically identify them, and the trial court did not require such identification. The police officer who executed the search warrant testified that he seized the "dirtiest photographs".

Only one magazine depicted explicit sexual conduct, the others showing only nude adults. From this it could be inferred that the magazine offered into evidence was the only one in appellant's possession showing people "doing stuff", and therefore was the one shown to his daughter.

 We sympathize with the court's reluctance to subject a thirteen year old girl to the anguish and indignation of identifying these pictures and magazines. In evidentiary matters, the trial court has a broad discretion in determining what exhibits are admissible. *See State v. Beers,* 8 Ariz.App. 534, 448 P.2d 104 (1968). On the other hand, when such a serious charge is made against an individual, we feel that the trial court should take special precautions to insure that the evidence against the accused is accurate. Although the better practice would be for the trial court to require that the victim specifically identify the pictures or identify that they were at least similar to ones shown to her, in light of the total circumstances involved in this case, we cannot say that the trial court abused its discretion in admitting the evidence in the current case.

Appellant's final contention is that A.R.S. § 13–652 (Supp.1973) is unconstitutionally vague. However, A.R.S. § 13–652 which prohibits "lewd and lascivious acts" has been interpreted to mean, among other things, a prohibition against cunnilingus (oral copulation). *State v. Bateman,* 25 Ariz.App. 1, 540 P.2d 732 (1975). In Bateman, this Court held that there can be no complaint of vagueness or lack of notice that a defendant's conduct is criminal where the acts committed are among those that previous cases have held covered by statute. *See also, Rose v. Locke,* —— U.S. ——, 96 S.Ct. 243, 46 L.Ed.2d 185 (1975) (per curiam).

Finally, we are aware that Division 2 of this Court has held A.R.S. § 13–652 to be unconstitutional as applied to adults. *State v. Callaway,* Ariz., 542 P.2d 1147, consolidated,· (1975). However, for the reasons stated in *State v. Snyder,* Ariz., 544 P.2d 230 (1976), it is our opinion that the section of the statute relating to children is severable from the purported unconstitutional portion.

JACOBSON, P. J., and EUBANK, J., concurring.