**Ronald S. McINNIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0274–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 20, 1982.

Marian S. Rosen, Houston, for appellant.

Alvin M. Titus, Asst. Dist. Atty., Houston, for appellee.

Before DYESS, SMITH and BASS, JJ.

DYESS, Justice.

This appeal is from a conviction for the offense of exhibition of commercial obscenity by showing an allegedly obscene motion picture film. Punishment was assessed by the jury at a fine of $2,000.00, probated for one year.

The appellant is a union projectionist. On August 13, 1980 he was working at Westworld Adult Cinema as both a projectionist and ticket seller. That afternoon, two undercover police officers purchased tickets from the appellant and watched the film "Inside Desiree Cousteau."

The officers returned to the theatre on August 15 with a search warrant and an arrest warrant for the appellant. They sat through two movies, "Inside Desiree Cousteau" and "All About Gloria Leonard," waited until the theatre closed, and then seized the film, advertisements of the film, tally sheets, and work sheets, and arrested the ticket seller/projectionist (not the appellant).

The appellant is before this court on twenty-nine asserted grounds of error. Because of the seriousness of the errors complained of in the appellant's grounds of error six, seven, thirteen and fourteen, and because of our determination that the errors complained of therein require a reversal of this case, we shall address ourselves to such grounds of error at the very outset.

By his ground of error six, the appellant complains that the affidavit supporting the arrest warrant failed to contain sufficient facts for an independent finding of probable cause by the magistrate that the appellant committed an offense in violation of Tex.Code Crim.Pro.Ann. §§ 43.21 and 43.23.

By timely Motion To Quash the information the appellant raised the issue of the invalidity of the arrest warrant and the arrest portion of the search warrant on the ground that the affidavits in support of the search and arrest warrants were insufficient. The motion to quash was overruled.

By his Motion To Suppress Evidence, the appellant raised the issue of the invalidity of the arrest and search warrants for failure to provide sufficient information for a finding of probable cause. Such motion was likewise overruled.

The arrest warrant states that the appellant exhibited the motion picture film and the search warrant states that the appellant promoted and exhibited said film.

It is required that the complaint supporting an arrest warrant or search warrant must show that the accused has committed some offense against the laws of the State, Tex.Code Crim.Pro.Ann. arts. 15.05, 18.01 and 18.03. Our Texas Commercial Obscenity Statute, Tex.Penal Code Ann. § 43.23(c) (Vernon Supp.1982), requires "knowing the content of the material" as an element of the offense, and defines an offense with regard to a motion picture only in terms of producing, presenting, or directing an obscene performance. Tex.Penal Code Ann. § 43.23(c)(2) (Vernon Supp. 1982) The affidavits for the arrest warrant and for the search warrant, as well as the warrants themselves, fail to allege such knowledge, and thus fail to allege an offense against the laws of the State of Texas.

In matters of commercial obscenity, the Supreme Court of the United States has not varied from its requirement that the individual must have "known the contents of the material." *Smith v. California*, 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959); *Mishkin v. New York*, 383 U.S. 502, 86 S.Ct. 958, 16 L.Ed.2d 56 (1966).

In the instant case, the affidavit in support of the arrest warrant states:

... The defendant held himself out to be the Manager/Clerk of said business *and is believed to know the said film's contents* ... (Emphasis added.)

■ A mere statement of the officer's *belief* and cause to suspect is insufficient to support the issuance of an arrest warrant. *United States v. Upshaw*, 448 F.2d 1218 (5th Cir. 1971), cert. denied, *Upshaw v. United States*, 405 U.S. 934, 92 S.Ct. 970, 30 L.Ed.2d 810 (1972). In *Upshaw*, the search warrant was issued on the basis of an affidavit by FBI Agent Emmons. Such affidavit included the following introductory and qualifying phrase:

> . . . *That he has reason to believe* that on the premises known as the Economy Press, Inc., 3204–A 12th Avenue North, Birmingham, Alabama, there is now being concealed certain property . . .

After noting that the defendant Davis' motion to suppress evidence seized in the search was denied after a full hearing, and that various seized items were admitted into evidence at trial, Justice Godbold, in reversing the case as to Davis, wrote:

> The court erred in overruling Davis' motion to suppress. The warrant was issued on the basis of an affidavit, set out in the margin, by FBI Agent Emmons, which rested upon information obtained from an informant who, it was later revealed, was McIver. . . . . McIver explained the factors which caused him to suspect Davis, but the existence of grounds for his suspicion do not alter the fact that it never was more than a suspicion. . . . Purged of its erroneous statements, the affidavit was wholly lacking in facts tending to show that Davis was printing checks or identification documents or that any of the documents were on the premises of the print shop. *Stripped of its incorrect assertions, the affidavit became like that in Nathanson v. United States*, 290 U.S. 41, 54 S.Ct. 11, 78 L.Ed. 159 (1933), *consisting of nothing more than the bare statement of affiant's belief and cause to suspect that items were in a specified location. Mere affirmance of belief or suspicion is not enough.* Id. at 47, 54 S.Ct. at 13, 78 L.Ed. at 162. *See also Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). (Emphasis added.)

■ In like manner, the affiant's statement in the case at bar, that the "Defend-

ant is *believed* to know the contents" is insufficient to support the issuance of the arrest warrant in the case at bar.

■ Our review of the applicable case law indicates that facts must be presented in affidavits in support of the issuance of an arrest or search warrant, and such facts are required to be of such a quality as to enable the magistrate to make an independent determination of probable cause. Mere conclusory statements will not support the issuance of an arrest or search warrant. The rules of sufficiency for an affidavit supporting a search warrant apply as well to the issuance of an arrest warrant. *Evans v. State*, 530 S.W.2d 932 (Tex.Cr. App.1975); *Whiteley v. Warden*, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971); *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

In the recent case of *Green v. State*, 615 S.W.2d 700 (Tex.Cr.App.1981), the Court of Criminal Appeals had occasion to review the lack of sufficiency of an affidavit on which the warrant for the defendant's arrest issued.

> The Complaint in the form of an affidavit by Sheriff Blanchard, on which the appellant's arrest issued, alleged:
> "Before me, Tommy Turner, Assistant Criminal District Attorney of Lubbock County, Texas, this day personally appeared of C. H. Blanchard, who, after being sworn, upon oath says that *he has good reason to believe and does believe and charge that one Leroy Green* . . . on or about the 12th day of January A.D. 1975, and before the making of this complaint in Lubbock County, and State of Texas, *did* then and there *intentionally and knowingly cause the death of an individual, Warren Andrew McKay, by shooting him with a gun* AGAINST THE PEACE AND DIGNITY OF THE STATE.
>    [signed] C. H. Blanchard
> Sworn and subscribed before me, this the 15th day of January, A.D. 1975.
>    [signed] Tommy Turner
>    Assistant Criminal District
>    Attorney of Lubbock County, Texas

(Emphasis by Court of Criminal Appeal.) On the sole basis of the above complaint, Judge Bolen issued the warrant for appellant's arrest. *It is instantly apparent that this affidavit consists of nothing more than Sheriff Blanchard's conclusion that appellant perpetrated the murder described in the complaint.* (Emphasis added.)

\* \* \* \* \* \*

Thus it is clear that "[t]he magistrate here certainly could not judge for himself the persuasiveness of the facts relied on \* \* \* to show probable cause." [citations omitted] *Judge Bolen necessarily accepted "without question" Sheriff Blanchard's "suspicion," "belief" or "mere conclusion" that appellant committed the offense described in Blanchard's affidavit in the form of complaint. Id.* (Emphasis added.) [citations omitted]

We are constrained to conclude that the affidavit before us provided Judge Bolen with no basis for an independent determination of probable cause and the arrest warrant that issues pursuant thereto, was invalid. [citations omitted]

Furthermore, the record before us is devoid of evidence which would have authorized appellant's arrest without a warrant under the statutory law of this State. See article 14.01, *et seq*; see generally, *Lowery v. State*, [499 S.W.2d 160 (Tex.Cr. App.)] *supra.*

We therefore hold that appellant's arrest was unlawful, and the trial court erred in concluding otherwise. 615 S.W.2d at 705–6.

Because the affidavits in the case at bar are insufficient for a finding of probable cause that the appellant committed the offense, his arrest could only be justified if the arresting officer had independent probable cause, based upon his own personal knowledge and as authorized by a pertinent statute, to make the arrest. *See*, Tex.Code Crim.Pro.Ann. articles 14.01–14.04. There was no such evidence, and Detective Dunn, who arrested the appellant, did not testify.

We sustain the appellant's sixth ground of error.

By his ground of error number seven, the appellant asserts that the search warrant was invalid because it constituted a general warrant, in violation of the appellant's right to be free from unlawful searches and seizures, and in violation of Tex.Code Crim. Pro.Ann. articles 18.01 and 18.02, as well as U.S.Const. Amend. IV and Tex.Const. art. I, § 9.

The search warrant which authorized the seizure of the motion picture film "Inside Desiree Cousteau", was worded as follows:

You Are Hereby Commanded To Forthwith Search The Place Therein Named, To Wit: West World Adult Cinema, Located At 9204 Buffalo Speedway, Houston, Harris County, Texas, With Authority To Seize The Obscene Material Described In The Affidavit For Search Warrant Which Is Attached Hereto. Said Material Is More Particularly Described As A Motion Picture Film Entitled, "Inside Desiree Cousteau," Along With Any And All Evidence Tending To Show That The Aforementioned Material Was Unlawfully Promoted And Exhibited In Violation Of The Texas Penal Code. Said Evidence Includes But Is Not Limited To Any And All Tickets And Tally Sheets Showing The Number Of Paid Admissions For Said Film Which May Be Found Therein.

The items seized from Westworld Cinema were the following: one movie film "Inside Desiree Cousteau", business records, coming attraction sheets, an employee time schedule and ticket stubs.

By his Motion to Suppress Evidence, the appellant directed the court's attention to the fact that the search warrant constituted a general warrant, in violation of the Fourth Amendment to the Constitution of the United States, Article 1, Section 9 of the Texas Constitution, and Tex.Code Crim. Pro.Ann. articles 18.01, 18.02 and 18.06.

The Fourth Amendment prohibits general warrants from giving officers a roving commission to search and seize on their own whim. *Stanford v. Texas*, 379 U.S. 476, 85 S.Ct. 506, 13 L.Ed.2d 431 (1965); *Gurleski v. United States*, 405 F.2d

253 (5th Cir. 1968), cert. den., 395 U.S. 981, 89 S.Ct. 2140, 23 L.Ed.2d 769 (1968); *United States v. Marti*, 421 F.2d 1263 (2nd Cir. 1970). In particular, specificity within the search warrant concerning items to be seized has been required when considering material presumptively protected by the First Amendment. *Lo-Ji Sales, Inc. v. New York*, 442 U.S. 319, 99 S.Ct. 2319, 60 L.Ed.2d 920 (1979).

In *Walthall v. State*, 594 S.W.2d 74 (Tex. Cr.App.1980), also an obscenity case, the Court of Criminal Appeals reviewed the sections of the search warrant authorizing the seizure of,

> . . .3) all items of personal property commonly used in the commission of a criminal offense and in particular the offense of commercial exhibition of obscene material—; 4) all implements or instruments used in the commission of a crime. . . . *Id.* at 78.

The court held that the quoted sections 3 and 4 of the search warrant were constitutionally defective and invalid, but found that the admission of the evidence was harmless error, because of the overwhelming proof against the defendant from valid sources. But in the case at bar, the items seized, including the photograph of the used condom, (see below) taken on the third day after the appellant's arrest, were highly prejudicial. In a later case interpreting the harmless error rule and its application in the State of Texas, the Court of Criminal Appeals held that the language of Tex.Code Crim.Pro.Ann. art. 38.23 is mandatory and requires suppression of the evidence. *Hernandez v. State*, 600 S.W.2d 793, 799 (Tex. Cr.App.1980).

We sustain the appellant's ground of error seven.

The appellant's grounds of error thirteen and fourteen are so closely related that we shall consider them together. By these grounds of error, the appellant asserts that a certain photograph taken during the execution of an invalid search warrant was improperly admitted into evidence as Exhibit 24; further, that such photograph was extraneous matter, irrelevant to the issues before the jury, and was improperly admitted.

A review of the evidence reveals that on the morning of August 16, 1980, during a search of the Westworld Cinema, Officer S. R. Jett took a photograph of a used condom lying on the floor between the theatre seats. This search of the theatre was allegedly made pursuant to the search warrant admitted as State's Exhibit 9–C on the motions hearing. This photograph, marked State's Exhibit 24, was objected to at the hearing on the appellant's motion to suppress. The motion was overruled, with the appellant duly excepting. At trial, State's Exhibit 24 was introduced into evidence, with the appellant noting his exception. It is clear from the record that the appellant was not charged with an offense committed on August 15, 1980 nor was he even present at the Westworld Cinema on that date.

The relevance of a photograph is determined upon the same basis as other types of evidence, and the determination of relevance rests largely within the discretion of the trial court. That the photograph be logically relevant to an issue at trial is the primary requirement for admission. *Martin v. State*, 475 S.W.2d 265 (Tex.Cr.App. 1972); *Lanham v. State*, 474 S.W.2d 197 (Tex.Cr.App.1971); *Harris v. State*, 457 S.W.2d 903 (Tex.Cr.App.1970); *White v. State*, 137 Tex.Cr.R. 481, 131 S.W.2d 968 (1939); *Burns v. Beto*, 371 F.2d 598 (5th Cir. 1966). It is an abuse of the trial court's discretion, however, to admit a photograph if its probative value is outweighed by its prejudicial and inflammatory aspects. *Martin, supra; Lanham, supra; White, supra*.

In *Martin, supra*, the court stated: "We recognize that there will be cases where the probative value of the photograph is very slight and the inflammatory aspects great; in such cases it would be an abuse of discretion to admit the same." 475 S.W.2d at 268.

In *White, supra*, the appellant was charged with, and convicted of, assault with intent to rape a twelve-year-old girl. On appeal, bill of exceptions No. 1 caused the Court of Criminal Appeals deep concern.

Bill of exceptions No. 1 reflects a serious matter. As shown therein it seems that after the officers had arrested appellant at the little girl's home and had taken him to the jail, they searched his person and found thereon a small book of lewd and lascivious pictures, portraying a sexual adventure between a man and a woman, and over appellant's objections this book was introduced before the jury and by them passed around and examined, and by the trial judge ordered sent down with the record for our examination. Unquestionably such was damaging to appellant's case, and may have caused him to have received the verdict of eight years that was awarded him. Had the exhibition of this book been utilized in any way by appellant in his alleged offense, that is, had he shown the same to the little girl for any purpose, such as to excite her sexually, then we are of the opinion that its exhibition before the jury would have been proper...

In this case, however, we do not find any use of this book and its pictures; it is only found on appellant's person after his arrest, and not ever referred to by the prosecuting witness. Undoubtedly the exhibition of the filthy pictures before the jury would cause them to believe that a person who carried such a book around on his person bade fair to be a sexual pervert, and in their contempt for him it is easily possible that it militated against any leniency in their verdict, which did not award the lowest penalty. 131 S.W.2d at 969.

In *United States v. Lillian Webb*, 480 F.Supp. 750, 756–7 (Distr.Ct.E.D.N.Y.1979), the court was required to pass upon the admissibility of three condoms, rather than photographs of condoms, as we have in this case. In upholding the defendant's motion to suppress and her timely objection for lack of relevance, the court wrote the following:

The defendant's final contention concerns the relevance of the two condoms seized in the ladies bathroom at Kennedy Airport. The Government contends that this evidence was abandoned in the bathroom. *However, nothing connects the defendant*

*to the condoms other than her presence in the bathroom. In light of this fact, and in view of the Court's rulings on Webb's motions to suppress, the court finds that these condoms would be inadmissible at trial.* (Cites omitted.)

\* \* \* \* \* \*

*Conclusion*

The defendant's arrest was not based on probable cause. The condom seized at the MCC and the statement made must be suppressed. *The two condoms seized in the bathroom are inadmissible on relevancy grounds.* (Emphasis added.)

In the case at bar, it is clear that State's Exhibit 24 was lacking in relevancy and that its admission into the evidence was highly inflammatory and prejudicial to the appellant. In making these observations, we are mindful that the photograph was taken three days after the appellant allegedly committed the offense, that there was no testimony linking the condom to the appellant, the film, the date of the offense, the offense of promotion (exhibition of obscene material), or any relevant matter whatsoever. Without the necessary linking evidence, the photograph was without relevance. Under all of the attending circumstances, its admission into evidence was an abuse of discretion by the trial court under the guidelines pronounced in *Martin, supra; Lanham, supra*; and *White, supra.*

Generally, the admission of evidence which is inflammatory, prejudicial and harmful, and which at the same time has little or no relevance to any issue in the case, requires reversal of the judgment. *Stanley v. State*, 606 S.W.2d 918 (Tex.Cr. App.1980); *Hernandez v. State*, 484 S.W.2d 754 (Tex.Cr.App.1972); *Jones v. State*, 481 S.W.2d 900 (Tex.Cr.App.1972); *White, supra, United States v. Palumbo*, 639 F.2d 123 (3rd Cir. 1981); *United States v. Williams*, 561 F.2d 859 (D.C.Cir.1977); *Walker v. United States*, 490 F.2d 683 (8th Cir. 1974).

In *Stanley, supra*, the error of the trial court was in admitting into evidence numerous weapons that were found in the defendant's automobile at the time of his arrest. Such weapons had no relevance to

the robbery at issue. After noting the error, the Court of Criminal Appeals applied the test from *Cunningham v. State*, 500 S.W.2d 820 (Tex.Cr.App.1973), and inquired, "... whether there is a reasonable possibility that this evidence might have contributed to the conviction and the punishment imposed upon the appellant." 606 S.W.2d at 920. *See also, Collins v. State*, 602 S.W.2d 537 (Tex.Cr.App.1980), and *White, supra.*

In *White, supra,* on the State's motion for rehearing, the State attempted to dissuade the Court of Criminal Appeals from its earlier conclusion that the admission into evidence of a booklet of lewd pictures was reversible error. Justice Krueger wrote for the court as follows:

> Neither the booklet nor the drawings or printed matter therein was appellant's production, and should not have been used in evidence against him on his trial for an assault to rape. A person can only be bound by his own acts and conduct and not that of another. Although he had the obscene booklet in his possession when arrested, it would not be evidence of a criminal intent. It might be that it would tend to show sexual desire, but not necessarily that he intended to engage therein in violation of the law. Sexual desire is embodied in every normal creature intended by God to reproduce and man is no exception to the rule. This is a well known fact, whether he exhibits it by a booklet or keeps it concealed within his bosom. But it does not follow that by reason of the possession of a booklet depicting scenes which are demoralizing, that such possession would tend to show a criminal intent to violate the law of God and man. 131 S.W.2d at 970.

This is the type of evidence admitted by the trial court in *Caldwell v. State*, 477 S.W.2d 877 (Tex.Cr.App.1972), where there was testimony concerning the defendant's attempted rape of the prosecutrix's sister at a different time and place, and outside of the prosecutrix's presence. The used condom was evidence of an extraneous matter or offense, and its admission was similar to the situation in *Lovely v. United States*, 169 F.2d 386 (4th Cir. 1948), cited and approved in *Caldwell, supra,* in which the court reversed a conviction because the testimony concerning an extraneous offense of rape upon another woman several weeks earlier was found by the court to be inadmissible, the only contested issue in the case being that of consent.

Since the incident reflected in State's Exhibit 24 was separate in time and place from the arrest of the appellant, such evidence was not res gestae of the arrest, nor was it admitted on that ground. See *Heflin v. State*, 574 S.W.2d 554 (Tex.Cr.App.1978).

The photograph of the used condom was connected in no way to the appellant, the offense, or even the date of the offense. Exhibit 24 further constituted evidence of another offense, the perpetrator of which was unknown, and not shown to be within the appellant's knowledge. It is our judgment that *Cunningham, supra,* mandates a reversal, if there is a reasonable possibility that this evidence might have contributed to the conviction and the punishment imposed upon the appellant.

The prosecutor, during his closing argument within the guilt-innocence stage of the trial, stated:

> Counsel is concerned about this photograph of a prophylactic, a condom, or rubber, that's what it is. Isn't it interesting that both of them are so concerned about what I'm going to do and what I'm going to do with this picture of this prophylactic because they say it's going to prejudice you, it's going to inflame you. Doesn't it suggest to you, gentlemen, that they are concerned because it is offensive?

> Remember Mr. McInnis got on the stand and I asked Mr. McInnis, "Sir, would you read what's in this picture?" It's in horseshoes on top of the wall in back. "It says "Cum Again." Not come, c-o-m-e, c-u-m and I said, "Mr. McInnis, would you tell us in your own words what that means? And after he did I said, "Mr. McInnis, you're rather embarrassed about that, aren't you? Yes, I am. Because you're rather embarrassed about talking about sex in the open, aren't you? Yes.?

And he considers himself an average man. The defendant himself is offended by it. Isn't he average? They're concerned about this thing. Certainly, I suggest to you that this rubber is some evidence of the fact that this film appeals to the prurient interest in sex. This rubber wasn't found in a school classroom or in a junior high school. It was found in that movie theater that shows sexually explicit films and you can deduce for yourself what it's doing there and how it got there.

Whether it was there the day that Mr. McInnis showed the film is irrelevant and I don't profess to tell you that he was there when it was found because he wasn't. But somebody put it there during the course of watching this film. But yet they're so concerned about it. That's all I think it shows, but yet they are substantially frightened by this because it in itself might be offensive.

Doesn't that tell you something?

In our view it appears from the preceeding argument by the prosecutor, as well as from the evidence presented at trial, that the appellant was prosecuted, at least in part, not alone for the offense with which he was charged, but rather for an offense against public morals and decency committed by an unknown person at a time uncertain.

While we note that the jury's assessed punishment was a fine of $2,000, probated, in a situation where the maximum punishment was a fine not to exceed $2,000 or confinement in jail for a term not to exceed one year, it cannot be reasonably assumed that the improperly admitted evidence did not weigh heavily in the jury's determination of guilt, and likewise in their assessment of punishment. We conclude, therefore, that the objectionable evidence in the form of State's Exhibit 24 may have contributed to the conviction of the appellant and the assessment of punishment. See *Schuenemann v. State*, 501 S.W.2d 319 (Tex.Cr.App.1973) and *Stanley, supra.*

We sustain the appellant's grounds of error numbers thirteen and fourteen.

The judgment is reversed and the cause remanded.