722 P.2d 971

**The STATE of Arizona, Appellee,**

v.

**Richard Blair CRUM, Appellant.**

**No. 2 CA–CR 3360.**

Court of Appeals of Arizona,
Division 2, Department A.

April 3, 1986.

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Tucson, for appellee.

Robert L. Barrasso, Tucson, for appellant.

## OPINION

HOWARD, Presiding Judge.

Appellant and Roger Whitaker were tried jointly on charges of child molestation. Multiple charges were brought against appellant involving two victims, Jay (age 13) and Anthony (age 14), while only one charge stood against Whitaker, relating to Jay. After Count IV against appellant was dismissed, Whitaker was acquitted on his one count, and appellant was convicted on all four remaining counts of child molestation relating to him. He was sentenced to concurrent terms the longest of which was 15.75 years.

Appellant raises five issues on appeal: (1) that evidence relating to appellant's religion was improperly admitted; (2) that evidence of appellant's sexual interest in young boys was impermissible character evidence; (3) that a pornographic homosexual magazine recovered from appellant's home was admitted without proper foundation; (4) that the search and seizure conducted in appellant's home was based on a defective warrant; and (5) that the prosecutor's closing argument was improper.

## EVIDENCE OF RELIGIOUS BELIEF

Appellant contends that the prosecutor improperly introduced religious issues into the trial in various ways: 1) by referring to appellant as "Father Tim"; 2) by asking witnesses questions regarding the chapel in appellant's house and their services as altar boys; 3) by co-defendant's counsel

questioning a witness about appellant's counseling qualifications; and 4) by questioning appellant regarding confidentiality and the relationship between appellant's church and the Greek Orthodox Church.

Initially it should be noted that Article 2, § 12 of the Arizona Constitution provides in part that:

"... [N]or shall any person be incompetent as a witness or juror in consequence of his opinion on matters of religion, nor be questioned touching his religious belief in any court of justice to affect the weight of his testimony."

Similarly, Rule 610, Rules of Evidence, 17A A.R.S., provides:

"Evidence of the beliefs or opinions of a witness on matters of religion is not admissible for the purpose of showing that *by reason of their nature* his credibility is impaired or enhanced." (Emphasis added)

This rule prohibits questioning a witness about his religious beliefs to show that because of these beliefs, the witness is more or less likely to be testifying truthfully. "Evidence probative of something other than veracity is not within the prohibition of the rule." 3 J. Weinstein and M. Berger, Weinstein's Evidence ¶ 610[01] at 610-2 (1985).

■ References to appellant as "Father Tim" were not improper because they were simply a means of identifying appellant and had nothing to do with his credibility. The jury had been questioned on voir dire about appellant's being known by this appellation, the prosecutor mentioned without objection that appellant was referred to as "Father Tim," the defense attorney used the title, and appellant identified himself to the police as "Father Tim." There was no error. Even if it were error, it was waived by failure to object at trial.

■ Questioning of child victims about the chapel in appellant's house and their services as altar boys served a legitimate purpose quite separate from witness veracity, which is proscribed by the rules. The prosecutor argued without objection to the jury that appellant utilized altar boy status as his modus operandi to put him into relationships with children so he could later seduce them. Both child victims testified that they had been appellant's altar boys at the chapel in appellant's home. There was therefore a common scheme or plan utilized by appellant which was properly presented to the jury.

Questioning of the co-defendant by his counsel regarding appellant's counseling qualifications, which might have reflected in some way on the legitimacy of his priestly status, was objected to before any answer could be given, and the objection was sustained. Therefore, any problem which might have arisen was foreclosed, and no error occurred.

■ Finally, the questioning of appellant regarding confidentiality and the relationship between appellant's church, the Orthodox Church, and the Greek Orthodox Church was proper since the prosecutor's questions were all reasonably related to appellant's assertion of the clerical privilege. The privilege is only valid if a confession is made to a cleric "in his professional character in the course of discipline enjoined by the church to which he belongs." A.R.S. § 13–4062(3). Appellant was questioned in this regard only to ascertain whether the privilege was properly invoked.

## MENTAL STATE

■ Appellant contends that the prosecutor's questioning of witnesses concerning statements by appellant that he liked sex with young boys was an improper use of character evidence. We disagree.

A.R.S. § 13–1410 requires "proof beyond a reasonable doubt that the defendant touched the private parts of a child and *that the touching was motivated by an unnatural or abnormal sexual interest or intent."* (Emphasis added.) *United States v. Hester,* 719 F.2d 1041, 1043 (9th Cir.1983); *State v. Roberts,* 126 Ariz. 92, 95, 612 P.2d 1055, 1058 (1980). The jury was instructed as to this requirement.

In this case, it is clear that appellant's statements are relevant to establish the requisite mental state for child molestation. We find no error.

## PORNOGRAPHIC MAGAZINES

■ Appellant argues that it was error for the trial court to admit the pornographic homosexual magazines, according to the principles outlined in *State v. Natzke*, 25 Ariz.App. 520, 544 P.2d 1121 (1976). The court in *Natzke* held:

"We agree that the mere possession of pornographic or sexually oriented literature does not show an intention or propensity to violate the law.... However, where there is evidence of the use of such pictures in connection with the perpetration of the crime charged, then in our opinion such pictures become relevant and are admissible."

In this case the following line of questioning by defense counsel of the victim Jay occurred:

"Q. These books that you testify you had seen, the ones we went through, 1B, C, D, etcetera?

A. Yes.

Q. Were these used in any kind of sexual relationship that you had?

A. What do you mean?

Q. Well, I'm asking you were these used during your sexual relationships?

A. No.

.    .    .    .    .

Q. So these are magazines that you may have leafed through during the day and had no direct relationship or sexual relationship that you are testifying that you had with Father Tim?

A. Yes.

Q. So they were not used in any kind of sexual contact?

A. No."

There was other evidence before the jury that appellant brought the magazines out and showed them to Jay during the time that Jay lived and visited with appellant. It is not necessary that appellant use the magazines *during* the sexual activity. In-deed, the language of *Natzke* requires only that it be used "in connection with the perpetration of the crime charged." Showing the magazines to Jay during the period of time when he was engaging in sexual activity is sufficient.

Furthermore, there was another proper basis for admitting the magazines. The prosecutor argued during pretrial motions and in her closing argument to the jury that exhibits, including the pornography, were admitted "to show that Jay's testimony is corroborated with these things that were actually found in the house." There was no error.

## SEARCH WARRANT

■ Appellant argues that the affidavit which was the basis for the search warrant for his house (which resulted in the discovery of pornographic magazines and sexual paraphernalia) was defective in a variety of ways. Exhibit lists for the suppression hearing showed that the questioned affidavit was not admitted into evidence. We agree with the resolution of this issue by Division One of this court when confronted with an identical situation in *State v. Kerr*, 142 Ariz. 426, 430, 690 P.2d 145, 149 (App.1984), where the court concluded:

"It is the responsibility of defense counsel to ensure that any document necessary to defendant's argument is in the record on appeal. *State v. Jessen*, 130 Ariz. 1, 633 P.2d 410 (1981) appeal after remand, 134 Ariz. 458, 657 P.2d 871 (1982). It is also the duty of defendant to see that the record contains the material to which he takes exception. *State v. Miller*, 120 Ariz. 224, 585 P.2d 244 (1978). Where the record is incomplete, a reviewing court must assume any evidence not available on appeal supported the trial court's actions. *Bliss v. Treece*, 134 Ariz. 516, 658 P.2d 169 (1983)."

## PROSECUTOR'S CLOSING ARGUMENT

■ Finally, appellant contends that the prosecutor argued facts not in evidence concerning the pornographic magazines.

**248**

Defense counsel, however, failed to object, and since we find that there was no fundamental error, any objection has been waived.

Affirmed.

HATHAWAY, C.J., and FERNANDEZ, J., concur.