**UNITED STATES, Appellee**

v.

**Wayne THOMAS, Dental Technician Second Class, U.S. Navy, Appellant.**

No. 93–0463.
CMR 92 0578.

U.S. Court of Military Appeals.

Argued March 15, 1994.

Decided Sept. 16, 1994.

For Appellant: *Lieutenant Philip L. Sundel, JAGC, USNR* (argued).

For Appellee: *Commander S.A. Stallings, JAGC, USN* (argued); *Colonel T. G. Hess, USMC, and Captain Laulie S. Powell, USMC* (on brief); *Lieutenant S. J. Coaty, JAGC, USNR.*

*Opinion of the Court*

SULLIVAN, Chief Judge:

During September of 1991, appellant was tried by officer and enlisted members in a

special court-martial at Iwakuni, Japan. Contrary to his pleas, he was found guilty of wrongful use of marijuana, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. He was sentenced to a bad-conduct discharge, forfeiture of $250.00 pay per month for 1 month, and reduction to the lowest enlisted grade. On February 20, 1992, the convening authority approved the sentence. On November 18, 1992, the Court of Military Review affirmed the findings of guilty and the sentence in a memorandum opinion.

■ On June 28, 1993, this Court granted appellant's petition for review on the following issue asserted pursuant to *United States v. Grostefon*, 12 MJ 431 (CMA 1982):

DID THE MILITARY JUDGE ERR IN ALLOWING TESTIMONY AT TRIAL RELATING TO APPELLANT'S RELIGIOUS BELIEFS?

We hold that evidence of an accused's religious beliefs is not *per se* inadmissible at courts-martial. Here, the military judge did not err in admitting testimony from a substance abuse control officer concerning appellant's pretrial admission that his use of marijuana was related to his religious beliefs. *See* Mil.R.Evid. 801(d)(2), Manual for Courts–Martial, United States, 1984; *cf.* Mil.R.Evid. 610. Furthermore, we hold that trial counsel's questioning of appellant about his religious beliefs was proper cross-examination in light of his testimony on direct denying a relationship between marijuana use and the Rastafarian religion. Mil. R.Evid. 611(b); *see also United States v. Banks*, 36 MJ 150, 166 (CMA 1992).

At appellant's court-martial, trial defense counsel made a pretrial motion "to limit the Government from questioning any witness about, or making any reference to, ... (a) The religious. beliefs or practices of DT2 [Dental Technician Second Class] Thomas or his family[.]" The specific ground for the defense motion was that the evidence was irrelevant. Mil.R.Evid. 401 and 402. In the alternative, defense counsel argued that, if relevant, the evidence's "probative value would be greatly outweighed by the danger of unfair prejudice." *See* Mil.R.Evid. 403.

Defense counsel did not present evidence on the motion which was then deferred by the military judge until the prosecution had presented its case.

During the prosecution's case-in-chief, trial counsel called Dental Technician First Class (DT1) Langer to testify regarding appellant's confession to his commanding officer, Captain Harring. DT1 Langer testified that he administered a urinalysis to appellant on January 18, 1991, four days after appellant reported for duty in Iwakuni, Japan. He advised his commander of the positive test results. Over defense objection, based again on relevance, DT1 Langer offered the following testimony:

After the Captain advised him of his rights, he began telling the Captain why he used the substance containing THC [tetra-hydrocannabinol]

\* \* \*

To the best of my recollection, Petty Officer Thomas proceeded to explain to the Captain that he practiced a religious belief, which I had never heard of before, called Rastafarian and that as a part of that religious belief that they did indeed use marijuana. And he also indicated that he was not very happy being in the military and again, that he was very relieved that this came to a head because he would rather be out of the Navy practicing his religious belief.

The Government next called Lieutenant (LT) MacKay, a Protestant chaplain, to explain the nature of "the Rastafarian belief." Defense counsel objected on the grounds that LT MacKay did not possess the requisite qualifications to testify as an expert on the Rastafarian religion. After hearing the substance of LT MacKay's expected testimony during an Article 39(a), UCMJ, 10 USC § 839(a), session, the military judge ruled as follows:

Basically the fact that it's Rastafarianism is no more significant here than if the accused had said my grandfather once told me that marijuana was a good thing to do and I tried to do what my grandfather tells me to do. The fact that this happens to be religion that's recognized by some people

doesn't give it any particular significance as to the issues that these members have to resolve. They have to determine whether the accused used marijuana and whether it was wrongful. The reason for his using it, any motivations, any incentive, or whatever is irrelevant.

\* \* \*

I believe that this testimony that the Chaplain has indicated that he's prepared to testify to would be cumulative and I believe that Military Rule of Evidence 403 would allow me to exclude it and I'm going to.

During the defense's presentation of evidence on the merits, appellant testified as follows:

Q: There's been some things brought up yesterday about Rastafarianism. Do you follow some of the tenets of that religion?

A: To be fair about what Rastafarianism is before I could say that I follow them, it would be fair to explain what it is.

Q: Could you do that for us very briefly?

A: Rastafarianism, the word Rastafari, the word itself comes from the name of Haile Selassie who was Emperor of Ethiopia. His name at birth was Prince Rastafari. Ras means Prince. Okay? Haile Selassie was the 125th Emperor of Ethiopia in an unbroken line from Solomon and Sheba, which is the same line of David, which is the same line of Jesus. It's in the same line of Moses and Abraham. Rastafari believe that they are the 12th tribe of Israel from the descendants of Judahh [sic]. We study the same Bible. The same King James version of the Bible, but we listen and we live our lives according to the laws of Moses.

Q: What connection, if someone is a Rastafarian, does that mean that they necessarily use marijuana?

A: Well, if you're a Rastafarian and you use marijuana, there's nothing to say that you have to use marijuana no more than a Catholic says you can't eat fish on Sunday or Friday, or you have to perform anything. Smoking marijuana has nothing to do with being a Rastafarian, even though the media has portrayed it as that.

Q: Petty Officer Thomas, realizing you're under oath, did you use marijuana in January 1991?

A: No, sir.

Q: No further questions, sir.

During cross-examination by trial counsel, which included questions regarding the Rastafarian religion and appellant's adherence to its practices, appellant again rejected the idea that marijuana use was part of the Rastafarian religion. Appellant also denied that he ever discussed his religious beliefs with Captain Harring.

---

Appellant pleaded not guilty to the charge of wrongfully using marijuana, in violation of Article 112a. To prove its case, the prosecution offered evidence of a positive urinalysis and oral admissions made by appellant to his commander, Captain Harring. As part of its case-in-chief, DT1 Langer testified that he heard the above-noted admissions made to appellant's commander. He testified that appellant had admitted using marijuana and had explained that use in terms of his religious beliefs as a Rastafarian.

The defense, prior to trial, had unsuccessfully requested that the judge preclude any reference to the religious beliefs and practices of appellant. Counsel had argued that such references were irrelevant under Mil. R.Evid. 401 and 402 or unfairly prejudicial under Mil.R.Evid. 403. On appeal, counsel further argues that such references were prohibited by Mil.R.Evid. 610. The initial question before us is whether that portion of DT1 Langer's testimony concerning appellant's pretrial statement as to his religious beliefs should have been admitted at this court-martial.

■ Turning first to the relevance question under Mil.R.Evid. 401 and 402, we note that the initial references to appellant's religious beliefs were an integral part of his pretrial admission to his commander. *See* Mil.R.Evid. 801(d)(2) (admission of a party); *see also United States v. Ross,* 7 MJ 174, 175–76 (CMA 1979). *See generally* 7 Wigmore, *Evidence* §§ 2100(b) and 2115 at 621 and 662 (Chadbourn rev.1978). Moreover,

DT1 Langer testified that appellant made these religious references in explanation of the charged marijuana use. *See* 6 Wigmore, *Evidence* § 1732(4) at 161 (Chadbourn rev. 1976); *cf. United States v. Peel,* 29 MJ 235, 237–38 (CMA 1989). Finally, this evidence provided inseparable details concerning the factual context of the charged marijuana use which themselves could later be corroborated. *See United States v. Metz,* 34 MJ 349, 351 (CMA 1992); *see also United States v. Hebert,* 35 MJ 266, 268 (CMA 1992); 2 Wigmore, *Evidence* § 365 at 364 (Chadbourn rev.1979). In view of appellant's pleas of not guilty, use of this evidence for the above purposes clearly had a "tendency to make the existence of [the] fact" that appellant used marijuana as charged "more probable ....than it would be without the evidence." Mil.R.Evid. 401. *See* Mil.R.Evid. 402. *See generally United States v. Rivera,* 23 MJ 89, 97 (CMA 1986).

■. The next question we must address is whether the religious references contained in DT1 Langer's testimony were nonetheless inadmissible under Mil.R.Evid. 403. The complaint here is that parading such evidence before the members unfairly prejudiced appellant because of confusion about the Rastafarian religion and the degree of his adherence to its tenets. *See Government of the Virgin Islands v. Petersen,* 553 F.2d 324, 329 (3d Cir.1977). We note, however, that the military judge subsequently allowed appellant to exclusively provide testimony on this religion and his adherence to its principal tenets. Moreover, an unobjected-to in-

struction[1] was given by the judge, limiting consideration of the religious-beliefs evidence to the question of appellant's, not the religion's, routine practices. *See* Mil.R.Evid 406.[2] Finally, this was a not-guilty-plea case, and the prosecution is permitted to present relevant evidence which does not *unduly* prejudice appellant. *See generally United States v. Abel,* 469 U.S. 45, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984). In the above circumstances, we conclude that the military judge did not abuse his discretion under Mil. R.Evid. 403 in admitting the challenged evidence. *Cf. Contemporary Mission, Inc. v. Bonded Mailings, Inc.,* 671 F.2d 81, 84 (2d Cir.1982).

■ Finally, before this Court, defense counsel, for the first time, relies on Mil. R.Evid. 610 in support of his claim that DT1 Langer's religious-belief testimony and trial counsel's later cross-examination of appellant on this matter were improper. We disagree.

Mil.R.Evid. 610 provides:

Evidence of the beliefs or opinions of a witness on matters of religion is not admissible for the purpose of showing that by reason of their nature the credibility of the witness is impaired or enhanced.

DT1 Langer's testimony was not offered to impeach appellant's credibility, and the military judge so instructed the members. *Cf. United States v. Kalaydjian,* 784 F.2d 53 (2d Cir.1986); *United States v. Sampol,* 636 F.2d 621, 666 (D.C.Cir.1980). Instead, it was offered as part of his admission to Captain

---

1. You have heard evidence as to the accused's belief in the Rastafarian religion. This evidence was admitted because it related to a statement purportedly made by the accused relating to his practice of that religion and allegedly using marijuana. *The accused's religious beliefs are not to be considered by you as a matter affecting his credibility.* You may consider the accused's practice of that religion only as it relates to whether he used marijuana on or about 22 January 1991. In considering that issue, you may consider any evidence as to the accused's routine practices relating to his belief for its tendency, if any, to prove the accused's conduct on or about 22 January 1991 was in conformity with that practice. You may not, however, consider any evidence as to the routine practices of Rastafarians as a group in determining whether the ac-

cused used marijuana on or about 22 January 1991.

(Emphasis added.) Defense counsel had no objection to this instruction.

2. There was no objection in this case to admission of this evidence under Mil.R.Evid. 404, Manual for Courts–Martial, United States, 1984. Moreover, admission of evidence for the evidentiary purposes noted in the body of this opinion did not plainly violate that rule of evidence. *See* Mil.R.Evid. 404(b). Finally, no objection at all was made to the military judge's instruction under Mil.R.Evid. 406. *See United States v. Holman,* 680 F.2d 1340, 1350–51 (11th Cir.1982); *see generally United States v. Newman,* 982 F.2d 665, 668–69 (1st Cir.1992), *cert. denied,* — U.S. ——, 114 S.Ct. 59, 126 L.Ed.2d 28 (1993).

Harring in which he had stated his reason for using marijuana. *Cf. Mauldin v. Upjohn Company,* 697 F.2d 644, 649 (5th Cir.) (statements about practice of attending church not offered "to bolster ... credibility"), *cert. denied,* 464 U.S. 848, 104 S.Ct. 155, 78 L.Ed.2d 143 (1983); *Government of the Virgin Islands v. Petersen, supra* (testimony that Rastafarians believe in nonviolence and that defendant is Rastafarian is inadmissible character evidence under Fed.R.Evid. 405(a)); *State v. Crum,* 150 Ariz. 244, 722 P.2d 971 (App.1986)(references to religious beliefs admissible if not for credibility determination). Accordingly, Mil.R.Evid. 610 was not violated by admission of DT1 Langer's testimony.

■ Moreover, trial counsel's cross-examination of appellant did not attempt to impeach him on the basis of his religious practices. Instead, it sought proper rebuttal evidence once appellant had "opened the door" on the question of his religious beliefs on direct examination. *See United States v. Claxton,* 32 MJ 159, 163 (CMA 1991); *cf. State v. West,* 168 Ariz. 292, 812 P.2d 1110, 1114 (App.1991)(defendant "opened the door" to religious references). During appellant's direct examination, he had testified about the tenets of the Rastafarian religion and had asserted that marijuana use was not required as one of its practices. Trial counsel then challenged appellant's testimony on the Rastafarian religion by comparing it to a book on that subject. Such questioning by trial counsel was certainly permitted to test the trustworthiness of appellant's testimony, especially after the prosecution was earlier denied the opportunity to present its own witness on the Rastafarian religion. Mil.R.Evid. 611(b); *see United States v. Banks,* 36 MJ at 166.

The decision of the United States Navy–Marine Corps Court of Military Review is affirmed.

Judges COX, CRAWFORD, and WISS concur.

GIERKE, Judge (concurring in the result):

I agree with the majority that the military judge did not abuse his discretion by allowing Dental Technician First Class Langer to describe that portion of appellant's admission which referred to religion. I disagree with the majority's suggestion that evidence of appellant's religious beliefs was admissible because it tended to make appellant's marijuana use "more probable ... than it would be without the evidence." 40 MJ at 255. Proof of character traits or specific acts to show likelihood that the accused committed the act charged violates Mil.R.Evid. 404(a), Manual for Courts–Martial, United States, 1984. Nevertheless, since defense counsel did not make a Mil.R.Evid. 404(a) objection, I would hold that the error was waived. Mil. R.Evid. 103(a)(1).

I believe that it is a close question whether the prosecution's cross-examination of appellant about his religious beliefs violated Mil. R.Evid. 610. However, since the defense did not raise a Mil.R.Evid. 610 objection, I am willing to hold that any objection under Mil. R.Evid. 610 was waived.

In light of the military judge's appropriate limiting instructions and the lenient sentence adjudged, I am also satisfied that any violation of Mil.R.Evid. 404(a) or Mil.R.Evid. 610 was harmless as to sentence. Art. 59(a), Uniform Code of Military Justice, 10 USC § 859(a). Accordingly, I concur in the result.