Virgil James CROSLEY, Appellant,

v.

The STATE of Texas, State.

No. 2-82-141-CR.

Court of Appeals of Texas, Fort Worth.

March 23, 1983.

## OPINION

FENDER, Chief Justice.

This is an appeal from a revocation of probation. Appellant, Virgil James Crosley, was previously convicted on a plea of guilty of burglary of a vehicle and received a four year probated sentence. This probation was revoked and, after serving three months in the penitentiary, Crosley was placed on a seven year intensive supervision shock probation. This appeal results from the revocation of this second probation.

The State moved to revoke Crosley's second probation on the grounds that in violation of the terms of this probation he (1) possessed marihuana under two ounces; (2) failed to report in May 1982; (3) failed to permit home visits; and (4) failed to pay court costs and probation fees. Crosley pled not true to all these grounds and the District Court found true as to possession of marihuana under two ounces and failure to report. Accordingly, Crosley's probation was revoked.

Crosley attacks this judgment in four grounds of error contending (1) that the evidence is insufficient to establish that he knowingly possessed the marihuana found on his person; (2) that the evidence is insufficient to show he failed to report; (3) that the District Court abused its discretion in denying his motion for new trial because newly discovered evidence existed; and (4) that he was not afforded adequate time to prepare his defense. We find that these contentions are without merit and affirm.

In a revocation proceeding, the State satisfies its burden of proof when the preponderance of the evidence before the court creates a reasonable belief that a condition of probation has been violated as alleged. The trial court is the sole trier of facts, credibility of witnesses, and weight to be given to testimony in this regard. *Taylor v. State,* 604 S.W.2d 175 (Tex.Cr.App. 1980).

The record reveals that Arlington Police officers received a call to an apartment. After talking to the girl living there, who claimed Crosley had assaulted her, they ac-

Roger D. Allen, Arlington, for appellant.

Tim Curry, Dist. Atty., and Richard B. Roper, Asst. Dist. Atty., Fort Worth, for State.

Before FENDER, C.J., and HUGHES and BURDOCK, JJ.

companied her into the apartment so she could gather her clothing. They found Crosley on the bed, wearing only a pair of pants. The officers informed Crosley that assault charges would be filed and then left. Crosley, who appeared to be drunk, followed into the parking lot yelling at his girlfriend. After failing to heed the officers' warning to return to the apartment, Crosley was arrested for public intoxication. A baggie of marihuana was found in his pants during processing at the Arlington City Jail.

Crosley claimed that he did not knowingly possess the marihuana because the pants he was wearing belonged to his girlfriend. He said that he grabbed a pair of her pants lying next to the bed when the officers came into the bedroom and he did not know they contained marihuana. Crosley also admitted that he did not report to his probation officer in May 1982 but claimed the probation office told him his probation officer was out of town.

■ This record contains ample evidence to show Crosley possessed the marihuana and failed to report as alleged. Simply because the court did not believe Crosley's version of these events does not make the evidence insufficient. Grounds of error one and two are overruled.

Crosley's third ground of error asserts that the District Court abused its discretion by not granting a new trial because of newly discovered evidence. This evidence consisted of a witness who testified at the hearing on the motion that Crosley and his girlfriend wore the same sized clothing and often exchanged it. Crosley testified he didn't present this witness in his defense because his attorney had not asked him about him.

■ We note initially that since a probation revocation proceeding is tried before court without a jury, no rule requires that the trial court even entertain a motion for new trial—let alone grant one. See *Ausborne v. State,* 499 S.W.2d 179 (Tex.Cr.App. 1973). Even if the issue of whether a new trial should have been granted was properly

before the court, no new trial was warranted because the above does not constitute newly discovered evidence.

■ To authorize a new trial for newly discovered evidence, it must be shown (1) that the evidence was unknown or unavailable to the movant before trial; (2) that the movant's failure to discover the evidence was not due to a lack of diligence; (3) that the new evidence is admissible and not merely cumulative, corroborative, collateral, or impeaching; and (4) that the new evidence is probably true and will bring about a different result at trial. *Poe v. State,* 630 S.W.2d 885 (Tex.App.—Fort Worth 1982). Crosley has failed to meet any of these four conditions. Ground of error three is overruled.

■ Crosley's fourth ground of error asserts that he was denied the right to counsel because he was not afforded adequate time to prepare his defense. This claim is not borne out by the record. Crosley stated to the court that he had gone over his petition with his attorney and that he understood the charges against him. The representation given was more than reasonably effective. Ground of error four is overruled.

The judgment is affirmed.