Jeffery William KOFFEL, Appellant,

v.

The STATE of Texas, State.

No. 2–85–080–CR.

Court of Appeals of Texas,
Fort Worth.

June 4, 1986.

**800**

Lee Ann Dauphinot, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., and Mary Thornton Taylor, Asst., Fort Worth, for State.

Before FENDER, C.J., and HILL and ASHWORTH (Retired, Sitting by Assignment), JJ.

## OPINION

HILL, Justice.

Jeffery William Koffel appeals from his conviction of aggravated sexual assault of a child. *See* TEX.PENAL CODE ANN. sec. 22.021(a)(5) (Vernon Supp.1986). The jury, having found the enhancement paragraph to be true, assessed punishment at 99 years in the Texas Department of Corrections.

Appellant presents eighteen grounds of error.

We affirm, because none of the grounds presented constitutes reversible error.

Appellant married Yolanda Koffel in July of 1974. They apparently intermittently lived as man and wife until March of 1984, when Yolanda Koffel obtained a divorce. Living with them was M_____ M_____, Yolanda Koffel's daughter from a prior marriage. She was one-year-old at the time of the marriage. While Koffel was only indicted for one incident, the State introduced testimony of over twenty instances wherein appellant allegedly committed sexual abuse, none of which were corroborated. The first alleged incident was when M_____ M_____ was only eight years old. Appellant and his family were moving and so he and his stepdaughter returned to their prior residence to pack various items. When they arrived, Koffel asked M_____ M_____ if she "wanted to play dirty." When she replied yes, appellant blindfolded her, removed her clothes, and attempted to have intercourse with her. When the girl began crying, he stopped.

Another incident occurred when M_____ M_____ was ten years old. She was visiting appellant at his mobile home, where he was living with a male roommate. After arrival, the girl was taken into the bedroom, blindfolded and had her clothes removed. She was then forced to perform oral sex on appellant and his roommate.

The offense for which appellant was indicted occurred in September of 1983. He was alone with his stepdaughter in her mother's apartment. He forced her to remove her clothes and sit on the bathtub with her legs spread while he took pictures. He then forced her to put her mouth on his penis and took a picture of this pose. These pictures were never introduced into evidence.

Appellant then contacted his wife and said he had some pictures to show her. He showed Yolanda Koffel the pictures he had taken, claiming that she was improperly supervising the children. He threatened to seek custody in the pending divorce. When M_____ M_____ was confronted by her mother about the pictures, the girl said that appellant had taken them. He was subsequently arrested.

In grounds of error one, two, three, five, six and eight, appellant complains about the introduction of various extraneous offenses. M_____ M_____ was the State's first witness. She immediately began testifying about various incidents of sexual abuse which were not contained in the indictment. Appellant timely objected but was overruled. He complains that this constitutes error.

It is a fundamental principle of law that a party is entitled to be tried on the accusation made in the State's pleading and not on some collateral crime or for being a criminal generally. *Smith v. State*, 646 S.W.2d 452, 455 (Tex.Crim.App.1983). Following this principle, it has consistently been held that proof of prior specific acts of misconduct, similar happenings or extraneous offenses committed by the accused are not probative of the contested material issues in a case and are inadmissible. *See Elkins v. State*, 647 S.W.2d 663, 665 (Tex. Crim.App.1983); *Davis v. State*, 645 S.W.2d 288, 293 (Tex.Crim.App.1983);

*Bates v. State,* 643 S.W.2d 939, 943 (Tex. Crim.App.1982).

■ However, the evidentiary policies generally precluding admission of evidence of extraneous conduct are not absolute. Extraneous transactions constituting offenses shown to have been committed by the accused may become admissible upon a showing by the prosecution both that the transaction is *relevant* to a *material* issue in the case, and the probative value of the evidence outweighs its inflammatory or prejudicial potential. *See Rubio v. State,* 607 S.W.2d 498, 506 (Tex.Crim.App.1980) (emphasis in original); *Scott v. State,* 701 S.W.2d 692, 694 (Tex.App.—Fort Worth 1986, pet. pending).

■ A separate rule on the introduction of extraneous offenses exists in the cases of statutory rape, incest, and sodomy. *Williams v. State,* 490 S.W.2d 604, 604 (Tex.Crim.App.1973). As the Court of Criminal Appeals explained in *Johns v. State,* 155 Tex.Crim. 503, 236 S.W.2d 820, 823 (1951):

> We do hold that in trials of an accused for rape under the age of consent and if material in determining the truth or falsity of the accusations, there can be taken into consideration the associations between the parties and their evident regard each for the other as evidencing the probability of the charged act and the unnaturalness of the accused's attitude toward the victim of his lust, even in the presence of other acts of like character to the one on which the prosecution is based. .
>
> We quote again from *People v. Scott,* [24 Cal.App. 440], 141 Pac. 945, as set forth in *White v. State,* 137 Tex.Cr.R. 481, 131 S.W.2d 968, 969, as follows: 'Any act or declaration of defendant tending to show a desire or purpose on his part to have illicit relations with the prosecutrix or any solicitation or representation made by him to excite a similar desire on the part of his victim, or to overcome her natural aversion to wantonness, would be relevantly and clearly

> connected with the crime and therefore admissible.'
>
> In matters of incest or rape under the age of consent, it is often of importance to show the attitude between them and the relative size, age and strength of the parties, and if possible, to show how one in a position demanding care and guidance of a related person, has failed in such duty and has adopted an unnatural attitude relative thereto, and by fondling or otherwise, evidences a desire for sexual gratification toward such child or relative. We therefore think that where any such acts become material to thus show them they are admissible. That the previous sexual conduct with this girl prior to the charge and since she was a 10-year-old child was admissible herein. [sic] Any cases holding to the contrary will be overruled without setting forth the same herein.

*Id.*

■ Despite subsequent developments in the law regarding extraneous offenses, the *Johns* discussion retains continuing viability today. *Brown v. State,* 657 S.W.2d 117, 119 (Tex.Crim.App.1983); *Veloz v. State,* 666 S.W.2d 581, 582–83 (Tex.App.—Houston [1st Dist.] 1984, no pet.); *Pelham v. State,* 664 S.W.2d 382, 384 (Tex.App.—Amarillo 1983, no pet.). Prior instances of sexual assault and abuse between the accused and the victim can be introduced into evidence and utilized by the jury to determine whether the act charged was committed. *Grantom v. State,* 415 S.W.2d 664, 665 (Tex.Crim.App.1967); *Bates v. State,* 165 Tex.Crim. 140, 305 S.W.2d 366, 368 (1957). Appellant was convicted of intentionally and knowingly causing the penetration of the mouth of M____ M____ with his sexual organ. In this instance, appellant's intent to perform the act may be inferred from his conduct. *Dues v. State,* 634 S.W.2d 304, 305 (Tex.Crim.App. 1982). Since the evidence of the act itself was sufficient to establish the essential elements of the offense, and since the State was not required to establish any intent beyond the intent to perform the act, it was error to admit extraneous offenses prior to

any material issue becoming contested. *Morgan v. State*, 692 S.W.2d 877, 879 n. 2, 882 n. 7 (Tex.Crim.App.1985). However, the appellant testified subsequently, denying that these activities ever took place. He and his two sisters, who both testified, seemed to infer that the accusation rose up out of domestic problems between himself and Yolanda Koffel. At that time, the testimony concerning the extraneous offenses became admissible. *Id.* at 882 n. 7. The test as to whether error is harmless is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction or affected the punishment assessed. *Schneble v. Florida*, 405 U.S. 427, 432, 92 S.Ct. 1056, 1060, 31 L.Ed.2d 340, 345 (1972); *Johnson v. State*, 660 S.W.2d 536, 538 (Tex.Crim. App.1983). We find that the premature admission of the evidence in question was harmless because there is no reasonable possibility that it contributed to the conviction or affected the punishment assessed. *See Rubio v. State*, 607 S.W.2d 498, 502 (Tex.Crim.App.1980). We overrule grounds of error numbers one, two, three, five, six, and eight.

■ In ground of error four, appellant argues that the court erred in failing to require the State to provide notice of its intent to rely upon extraneous offenses, citing *Gipson v. State*, 619 S.W.2d 169, 170 (Tex.Crim.App.1981). There is nothing in the record which suggests that appellant requested such information, nor did appellant request a continuance during the trial at the time the evidence was introduced. *See id.* at 171. His failure to request a continuance when he became aware of the evidence waived any error urged in an appeal on the basis of surprise. *Lindley v. State*, 635 S.W.2d 541, 544 (Tex.Crim.App. 1982). We therefore overrule ground of error four.

■ In ground of error seven, appellant argues that the court erred in permitting Yolanda Koffel to bolster the testimony of M____ M____. Bolstering occurs when evidence is improperly used to add weight or credence to evidence previously introduced. *Pless v. State*, 576 S.W.2d 83, 84 (Tex.Crim.App.1978); *Spriggs v. State*, 640 S.W.2d 781, 784 (Tex.App.—Fort Worth 1982), *aff'd*, 652 S.W.2d 405 (Tex.Crim.App. 1983). It is a fundamental principle of law that bolstering is improper. *See Davis v. State*, 636 S.W.2d 197, 198 (Tex.Crim.App. 1982). However, read in context, Yolanda Koffel's testimony was not impermissible bolstering. It was merely an attempt to place the offense in context. This is permissible. We overrule ground of error seven.

In grounds of error nine and ten, appellant argues that the charge was defective because it commented on the weight of the evidence. The charge given to the jury was as follows:

Now if you believe from the evidence beyond a reasonable doubt that on or about the 12th day of September, 1983, Tarrant County, Texas, the defendant, Jeffery William Koffel, did then and there intentionally and knowingly cause the penetration of the mouth of M____ M____, *a child younger than 14 years of age who was not the spouse of said defendant* with the sexual organ of said defendant, you will find the defendant guilty of aggravated sexual assault of a child as charged in Paragraph Two of the indictment; if you do not so believe or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict 'not guilty.' [Emphasis added.]

Appellant timely objected.

■ A court should not give the jury an instruction which constitutes a comment by the court on the elements of the alleged offense or assumes a disputed fact. *Grady v. State*, 634 S.W.2d 316, 317 (Tex. Crim.App.1982); *Richardson v. State*, 390 S.W.2d 773 (Tex.Crim.App.1965); *Cannon v. State*, 84 Tex.Crim. 504, 208 S.W. 339, 341 (1918). The charge in this case, by assuming that M____ M____ was a child younger than 14 years of age and not the wife of the appellant, was erroneous.

■ But this does not end our inquiry. An error in the charge, over timely objec-

tion in the trial court, requires reversal if such error is "calculated to injure the rights of the defendant", *i.e.*, there must be *some* harm to the accused flowing from the error. *See Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (opinion on rehearing); TEX.CODE CRIM.PROC.ANN. art. 36.19 (Vernon 1981). In other words, a properly preserved error will call for reversal as long as the error is not harmless. *Almanza,* 686 S.W.2d at 171.

In making this determination, "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Id.* The purpose of this review is to illuminate the actual, not just theoretical, harm to the accused. *Id.* at 174.

We fail to see how appellant was harmed by the language contained in the charge. The evidence was undisputed that M_____ M_____ was under 14 years of age at the time of the offense and that she was not appellant's wife. If a fact commented upon by the court is undisputed, then a charge assuming this fact to be true is harmless. *Johns v. State,* 129 Tex.Cr.R. 206, 86 S.W.2d 235 (1935). We overrule grounds of error nine and ten.

In ground of error eleven, appellant complains that his charge on reasonable doubt was denied. However, the charge given to the jury contained the following instructions concerning reasonable doubt and the burden of proof:

[I]f you do not so believe or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict 'not guilty.' ... The burden of proof in all criminal cases rests upon the State throughout the trial, and never shifts to the defendant.

All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that he has been arrest-ed, confined, or indicted for, or otherwise charged with the offense gives rise to no inference of guilt at his trial. In case you have a reasonable doubt as to defendant's guilt after considering all of the evidence before you, and these instructions, you will acquit him.

This was a proper charge on reasonable doubt. *See Eckert v. State,* 623 S.W.2d 359, 362–63 (Tex.Crim.App.1981). Appellant's requested charge was repetitive and unnecessary. We overrule ground of error eleven.

In grounds of error twelve, thirteen, and fourteen, appellant argues that the prosecutor engaged in improper jury argument.

The purpose of closing argument is to facilitate the jury in properly analyzing the evidence presented at trial in order that it may arrive at a just and reasonable conclusion based on merely the evidence introduced and not on any fact not admitted in evidence. *Campbell v. State,* 610 S.W.2d 754, 756 (Tex.Crim.App.1980). To be permissible, jury argument must fall within one of the following four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Darden v. State,* 629 S.W.2d 46, 52 (Tex. Crim.App.1982); *Alejandro v. State,* 493 S.W.2d 230, 231–32 (Tex.Crim.App.1973); *Watts v. State,* 680 S.W.2d 667, 670 (Tex. App.—Fort Worth 1984, pet. ref'd).

When an argument exceeds the permissible bounds of the above areas, it will not constitute reversible error unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused into the trial proceeding. *Mathews v. State,* 635 S.W.2d 532, 539 (Tex.Crim.App.1982); *Todd v. State,* 598 S.W.2d 286, 296 (Tex.Crim. App.1980).

The test to determine whether improper jury argument is harmless error is not whether a conviction could have been

had without the improper argument, but whether a reasonable possibility exists that the argument complained of might have contributed to the conviction or the punishment assessed. *Garrett v. State*, 632 S.W.2d 350, 353–54 (Tex.Crim.App.1982). In making this determination, we must review the evidence at the guilt-innocence stage as well as that adduced at the punishment phase of the trial. *See id.*

■■■ Ground of error twelve complains about the following statement made by the prosecutor: "[W]e have heard evidence. We not only heard just regular evidence we heard *great* evidence." (Emphasis added.) It is improper for a prosecutor to convey his personal belief that a defendant is guilty. *Villalobos v. State*, 568 S.W.2d 134, 134 (Tex.Crim.App.1978); *Baldwin v. State*, 499 S.W.2d 7, 9 (Tex.Crim.App.1973). Similarly, it is improper for a prosecutor to bolster the credibility of certain witnesses by claiming that he believes they are telling the truth. *Menefee v. State*, 614 S.W.2d 167, 168 (Tex.Crim.App.1981); *Puckett v. State*, 168 Tex.Crim. 615, 330 S.W.2d 465 (1959).

■■■ However, a prosecutor is permitted to make comments on the evidence. *Wright v. State*, 582 S.W.2d 845, 846 (Tex. Crim.App.1979). This necessarily includes comments on the strength of the State's evidence. *See Cave v. State*, 161 Tex.Crim. 107, 274 S.W.2d 839, 843 (1955). In the case at bar, the prosecutor's argument was a legitimate comment on the strength of the State's evidence rather than the interjection of personal opinion. The argument did not contain the words "I believe" or "I think." Rather, it merely states the quality of the evidence introduced. We overrule appellant's ground of error twelve.

■■■ In ground of error thirteen, appellant complains about the following jury argument:

I ask one other thing from you. I ask that when you go in that juryroom to deliberate and you reach your verdict, you unanimously reach your verdict, you come out here come out here reasonably sure that she's going to be waiting and she's going to be anxiously waiting like she has and like we all have—

MS. DAUPHINOT [Defense Attorney]: Your Honor, I object. He is asking them to base their sentence on the demands of some person of the community and also asking them to base their sentence on the demands of M____ [M____] and her mother and that is improper. It has been ruled improper, and I object to this argument, arguing what the community demands.

An argument which suggests that community sentiment expects or demands a particular outcome is improper. *Prado v. State*, 626 S.W.2d 775, 776 (Tex.Crim.App.1982); *Pennington v. State*, 171 Tex.Crim. 130, 345 S.W.2d 527, 528 (1961). However, the prosecutor did not argue that M____ M____ was waiting in the wings, demanding a particular verdict, nor did he argue that the community was demanding a particular verdict. We overrule ground of error thirteen.

■■■ In ground of error fourteen, appellant complains about the following final argument:

I agree that vengeance is not appropriate in any case. But outrage and indignation at anybody who would do this type of thing to anybody, particularly an eight year old child, a nine year old child, a ten year old child; that's offensive. That's outrageous and that's when we need to do something about it. Because when you finally do get someone, Ladies and Gentlemen, when you finally do follow the law all the way down and you give everybody their constitutional rights and you protect them all the way down the line and then when they've had the benefit of everything our society can do for them then you ultimately find that they look that in the teeth and say, I didn't do it—

MS. DAUPHINOT [Defense Attorney]: Your Honor, I object. I object. He had a constitutional right. He invoked that constitutional right and now she's asking them punish him for putting the State in

the position of having to assume their burden of proving his guilt and I object to that.

THE COURT: Overruled.

MS. MOORE [Prosecutor]: Said I didn't do it; please don't punish me too hard. Get me treatment because if, in fact, you think I did it I am mentally ill. I am sick. I am not a criminal. You know who is the criminal in this courtroom. And you know in your own minds what's appropriate. I am not going to stand up here and tell you how long to put Jeffery Koffel in the penitentiary, Ladies and Gentlemen, because that's your job, not mine. You decide what justice is in this case. You decide what is appropriate and then you tell us.

The law does not permit a prosecutor to comment upon a defendant's invocation of his constitutional rights. *See Cook v. State*, 537 S.W.2d 258, 261 (Tex.Crim.App. 1976); *Grantham v. State*, 659 S.W.2d 494, 495 (Tex.App.—Fort Worth 1983, pet. ref'd). However, we do not interpret this argument as commenting upon appellant's invocation of his constitutional rights. We interpret the argument as a comment on appellant's unrepentant attitude as evidenced by his testimony at trial. The present attitude of the appellant, with respect to the crime which the jury has found that he committed, is relevant to the issue of punishment. We overrule ground of error number fourteen.

In ground of error fifteen, appellant complains that he was denied his statutory and constitutional rights to a speedy trial.

 A timely announcement of "ready" is a prima facie showing of the State's readiness for trial as required by the Speedy Trial Act. *See Phillips v. State*, 659 S.W.2d 415, 419 (Tex.Crim.App. 1983). When the State announces readiness for trial during the statutory time period applicable to the case, the burden shifts to the defendant to rebut the prima facie showing by producing evidence of the State's unpreparedness for trial. *Smith v. State*, 659 S.W.2d 828, 830 (Tex.Crim.App. 1983). If the applicable statutory time period has expired and the accused invokes the Act, the State must demonstrate both that it was then ready and had been ready for trial at all times within the statutory period, or the State must establish that sufficient periods of time were excludable under the Act in order to bring its announcement of readiness within the statutory period. *Id.*

 The Speedy Trial Act addresses itself to prosecutorial delay and not to delay resulting from the congestion of the trial court's dockets or the judicial process as a whole. *See Phillips v. State*, 651 S.W.2d 745, 746 (Tex.Crim.App.1983); *Barfield v. State*, 586 S.W.2d 538, 540 (Tex.Crim.App. 1979).

Appellant was arrested on December 5, 1983. He was indicted for the offense on March 20, 1984. The State filed its notice of ready on March 23, 1984. This is within the time limits proscribed by the Speedy Trial Act. The State's announcement of ready is a prima facie showing that the statute's requirements have been met. *Scott v. State*, 634 S.W.2d 853, 855 (Tex.Crim.App.1982); *Foggle v. State*, 632 S.W.2d 402, 404 (Tex.App.—Fort Worth 1982, no pet.). Appellant has presented no evidence to rebut this presumption.

 Appellant also claims that his constitutional right to a speedy trial has been violated. This right is independent of the rights guaranteed under the Speedy Trial Act. Instead of using strict time limits, whether this right has been violated depends on a balancing test analysis. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972); *Prescott v. State*, 696 S.W.2d 693, 695 (Tex. App.—Fort Worth 1985, pet. pending). The factors considered are: 1) the length of delay; 2) the reason for the delay; 3) defendant's assertion of the right; and 4) prejudice to the defendant. *Id.*

 Appellant was arrested on December 5, 1983. He was tried for the offense on December 4 and 5, 1984, exactly one year later. The principal reason for the delay was that appellant's initial appointed

counsel had prosecuted appellant for a former conviction, and thus a mistrial was declared at his first trial. Subsequent delays were due to counsel for appellant requesting continuances. No evidence was presented that the mistrial was the product of a plan upon the part of the State to intentionally delay appellant's trial, nor has appellant demonstrated that he has been prejudiced by the delay. Under these circumstances, we hold that appellant's constitutional right was not violated. We overrule ground of error number fifteen.

■ In grounds of error sixteen and eighteen, appellant argues that the trial court abused its discretion in not granting a motion for continuance and motion for new trial because his counsel was inadequately able to prepare for trial. The denying or granting of a motion for continuance is vested in the sound discretion of the trial court and will only be reversed upon a showing of an abuse of discretion. *Hernandez v. State*, 643 S.W.2d 397, 399 (Tex.Crim.App.1982); *Taylor v. State*, 612 S.W.2d 566, 570 (Tex.Crim.App.1981); *Kemner v. State*, 589 S.W.2d 403, 410 (Tex.Crim.App.1979). Factors to be considered in determining an abuse of discretion are: 1) length of delay requested; 2) whether other continuances were requested, and whether they were denied or granted; 3) length of time the party's counsel had to prepare for trial; 4) whether another attorney was prepared to litigate the trial; 5) the convenience of the parties, the court and the witnesses; 6) the reasons for the delay; 7) complexity of the case; 8) identifiable harm which the accused would incur; and 9) quality of legal representation actually provided. *Ex parte Windham*, 634 S.W.2d 718, 720 (Tex.Crim.App.1982).

■ Appellant's initial trial began September 18, 1984. However, as previously noted, during voir dire it was discovered that his court-appointed counsel had worked for the State on previous prosecutions, and therefore a mistrial was declared. Appellant's present counsel was appointed on that day. Counsel was unable to secure the contents of the previous counsel's file until December of 1984. However, appellant's counsel requested and obtained a continuance in October, 1984. The case was not called for trial until December, 1984. Thus, appellant's counsel had two months in which to prepare for trial. The record reflects no affidavit in support of the motion nor any evidence offered in support of the motion. We overrule grounds of error sixteen and eighteen.

■ In ground of error seventeen, appellant complains that the trial court abused its discretion in failing to grant a new trial based on newly discovered evidence. Such a decision is vested in the sound discretion of the trial court and will only be reversed upon a showing of abuse of discretion. *Ayers v. State*, 606 S.W.2d 936, 941 (Tex.Crim.App.1980); *Van Byrd v. State*, 605 S.W.2d 265, 267 (Tex.Crim.App. 1980). At the hearing on the motion, a defendant must demonstrate that: 1) the evidence was unknown to him prior to trial; 2) his failure to discover it was not due to his want of diligence; 3) the evidence is of such a character that it will bring about a different result in a subsequent trial; and 4) the evidence is not merely cumulative, corroborative, collateral or impeaching. *Eddlemon v. State*, 591 S.W.2d 847, 849 (Tex.Crim.App.1979); *Crosley v. State*, 648 S.W.2d 434, 435 (Tex.App.—Fort Worth 1983, no pet.).

■ In the case at bar, upon the motion for new trial appellant presented the testimony of his landlord at the trailer park where the offense occurred. She testified that appellant never had a roommate, but that he lived in the same mobile home with her son. Furthermore, she said that she would have known when appellant and M____ M____ were in the trailer, because of the location of the trailer. At no time did she see M____ M____ alone in the trailer without her mother. Furthermore, at no time, to her knowledge, was her son, the alleged roommate, alone with M____ M____ and appellant, so appellant could not have committed the extraneous offense alleged to have occurred. We find that due

to the tenuous nature of this testimony, the trial court did not abuse its discretion in denying Koffel's motion for new trial.

Judgment affirmed.