COURT OF APPEALS

                                                 SECOND DISTRICT
OF TEXAS

                                                                FORT
WORTH

 

 

                                                NO.
 2-09-087-CR

 

 

CHRISTOPHER GREER                                                                    APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

               FROM
THE 211TH DISTRICT COURT OF DENTON COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

I. 
Introduction








Appellant
Christopher Greer appeals his conviction for felony possession of a controlled
substance by fraud.[2]  He contends in four issues that the trial
court erred by admitting evidence of an extraneous offense for purposes of
identity, that the trial court erred by admitting testimony concerning his
character, and that the evidence is legally and factually insufficient to
support his conviction.  We affirm.

II. 
Factual and Procedural Background

On
October 27, 2007, Appellant presented a prescription for 120 pills of Lortab, a
brand name for hydrocodone or dihydrocodeinone, at a Denton County Walgreen=s.  Josh Taylor, the pharmacist on duty, saw
Appellant present the prescription and noticed a tattoo behind his right
ear.  Taylor identified Appellant as the
person who presented the prescription both in a photo line-up and at
trial.  Suspicious of the prescription
because he knew that the named doctor had been the victim of false
prescriptions and because he knew that the zip code was incorrect, Taylor
informed Appellant that the prescription would have to be verified.  Appellant said that he would return later for
the filled prescription, but he did not do so. 
Taylor contacted the police after confirming that the prescription was
fraudulent. 

Appellant
was indicted in March 2008 for knowingly possessing or attempting to possess or
obtain a controlled substance through the use of a fraudulent prescription, and
Appellant pleaded not guilty.  A jury
found Appellant guilty and assessed punishment at ten years=
confinement, and the trial court sentenced him accordingly. 

III. 
Legal Sufficiency of the Evidence








In
his third issue, Appellant contends that the evidence is legally insufficient
to support his conviction because Athere
is a lack of guilty knowledge or intent.@  Appellant does not challenge the legal
sufficiency of any other element of the charged offense. 

A.  Standard of Review

In
reviewing the legal sufficiency of the evidence to support a conviction, we
view all of the evidence in the light most favorable to the prosecution in
order to determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319,
99 S. Ct. 2781, 2789 (1979); Clayton v. State, 235 S.W.3d 772, 778 (Tex.
Crim. App. 2007).

B.  Applicable Law

Section
481.129 of the health and safety code provides in pertinent part, A(a)
A person commits an offense if the person knowingly: . . . (5) possesses,
obtains, or attempts to possess or obtain a controlled substance or an
increased quantity of a controlled substance: (A) by misrepresentation, fraud,
forgery, deception, or subterfuge; [or] (B) through use of a fraudulent
prescription form.@  Tex. Health & Safety Code Ann. ' 481.129(a)(5)(A),
(B).  Section 6.03(b) of the penal code
states,

A
person acts knowingly, or with knowledge, with respect to the nature of his
conduct or to circumstances surrounding his conduct when he is aware of the
nature of his conduct or that the circumstances exist.  A person acts knowingly, or with knowledge,
with respect to a result of his conduct when he is aware that his conduct is
reasonably certain to cause the result.

 








Tex. Penal Code Ann. ' 6.03(b)
(Vernon 2003).  Knowledge may be inferred
from a person=s
acts, words, and conduct.  Hart v.
State, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002); Martinez v. State,
833 S.W.2d 188, 196 (Tex. App.CDallas
1992, pet. ref=d).

C.  The Evidence is Legally Sufficient

Here,
the State presented evidence that Appellant presented a fraudulent prescription
for 120 pills of Lortab at a Walgreen=s in
Denton County on October 27, 2007.  The
pharmacist was suspicious of the prescription and told Appellant that the
prescription would have to be verified, and Appellant left the pharmacy after
saying that he would return later to pick up the filled prescription.  But Appellant never returned to pick up the
prescription.  Moreover, the jury also
heard evidence that the fraudulent prescription was for a person named Jason
Martin, that it was for six times a normal prescription amount, and that it was
created to look like a prescription form from the doctor who purportedly wrote
it.  The jury could infer from Appellant=s
failure to return to pick up the filled prescription and the efforts taken to
create the fraudulent prescription that Appellant had knowingly presented a fraudulent
prescription.  See Hart, 89
S.W.3d at 64; Martinez, 833 S.W.2d at 196.  Thus, we hold that the evidence is legally
sufficient to prove that Appellant acted knowingly.  See Tex. Health & Safety Code Ann.
' 481.129(a)(5);
see also Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Clayton,
235 S.W.3d at 778.  We overrule Appellant=s
third issue.








IV. 
Factual Sufficiency of the Evidence

In
his fourth issue, Appellant argues that the evidence is factually insufficient
to support his conviction because there was Aa
question about whether [he] was involved or that he was correctly identified.@  Appellant does not challenge the factual
sufficiency of any other element of the charged offense. 

A.  Standard of Review

When
reviewing the factual sufficiency of the evidence to support a conviction, we
view all the evidence in a neutral light, favoring neither party.  Steadman v. State, 280 S.W.3d 242, 246
(Tex. Crim. App. 2009); Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim.
App. 2006).  We then ask whether the
evidence supporting the conviction, although legally sufficient, is
nevertheless so weak that the factfinder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
factfinder=s
determination is manifestly unjust.  Steadman, 280 S.W.3d at 246; Watson,
204 S.W.3d at 414B15, 417.  Unless we conclude that it is necessary to
correct manifest injustice, we must give due deference to the factfinder=s
determinations, Aparticularly those
determinations concerning the weight and credibility of the evidence.@  Johnson v. State, 23 S.W.3d 1, 9 (Tex.
Crim. App. 2000); see Steadman, 280 S.W.3d at 246.  Evidence is always factually sufficient when
it preponderates in favor of the conviction. 
Steadman, 280 S.W.3d at 247; see Watson, 204 S.W.3d at
417.  








B.  The Evidence is Factually Sufficient

Reviewing
all the evidence in a neutral light, we recall that the Walgreen=s
pharmacy technician, Paul Kim, could not identify Appellant and that there is
no videotape evidence placing Appellant at the Walgreen=s.  However, the jury also heard testimony that
the pharmacist saw Appellant inside the Walgreen=s
from a distance of approximately eight feet, identified Appellant by the tattoo
behind his right ear, identified Appellant in a photo line-up, and identified
Appellant at trial.  Also relevant to
Appellant=s
identity, the jury heard evidence that Appellant committed a very similar act
just six weeks earlier on September 12, 2007. 


Viewing
the evidence in a neutral light, we conclude that a rational trier of fact
could have found beyond a reasonable doubt that Appellant presented the
fraudulent prescription to Walgreen=s.  We cannot say that the evidence is so weak
that the jury=s
determination is clearly wrong or manifestly unjust or that the conflicting
evidence so greatly outweighs the evidence supporting the convictions that the
jury=s
determination is manifestly unjust.  See
Lancon v. State, 253 S.W.3d 699, 704 (Tex. Crim. App. 2008); Watson,
204 S.W.3d at 414B15, 417.  We therefore hold that the evidence is
factually sufficient to support the jury=s
verdict, and we overrule Appellant=s
fourth issue.

V. 
Evidence of Extraneous Offense








Appellant
argues in his first issue that the trial court erred by admitting evidence of
an extraneous offense in the guilt-innocence phase for purposes of identity
because the State did not show that identity was at issue in the case, the
State did not timely disclose its intent to introduce evidence of the
extraneous offense, and the extraneous offense was not sufficiently similar to
the instant offense. 

A.  Identity at Issue

Appellant
first argues that the evidence of the extraneous offense should not have been
admitted because Athe State failed to show why
identity was an issue.@  Evidence of other crimes, wrongs, or acts is
not admissible to prove the character of a person in order to show action in
conformity therewith.  Tex. R. Evid.
404(b); Montgomery v. State, 810 S.W.2d 372, 387 (Tex. Crim. App. 1990)
(op. on reh=g).  This rule reflects the well-established
principle that a defendant should not be tried for some collateral crime or for
being a criminal generally.  Soffar v.
State, 742 S.W.2d 371, 377 (Tex. Crim. App. 1987).  Evidence of prior criminal conduct may,
however, be admissible if it is logically relevant to prove some other fact,
such as proof of motive, opportunity, intent, preparation, plan, knowledge,
identity, or absence of mistake or accident. 
Tex. R. Evid. 404(b); Johnston v. State, 145 S.W.3d 215, 219
(Tex. Crim. App. 2004).  An extraneous
offense may be admissible to prove identity only if the identity of the
perpetrator is at issue in the case.  Page
v. State, 213 S.W.3d 332, 336 (Tex. Crim. App. 2006).  Identity can be raised by cross-examination,
such as when the identifying witness is impeached on a material detail of the
identification.  Page v. State,
137 S.W.3d 75, 78 (Tex. Crim. App. 2004). 








Here,
when objecting to the admission of the extraneous offense evidence, Appellant=s
counsel argued to the trial court that the offenses were not sufficiently
similar and stated, AI think it=s
pretty clear thatCthat, yes, identity is going
to be an issue here because I think the evidence in this case is going to show
you got a guy who spent more time with [Appellant] than Dr. Taylor did who is
going to say [he] couldn=t pick [Appellant] out of a
photo line-up.@  Further, Appellant cross-examined the
pharmacist by confirming that there was no video surveillance of Appellant=s
attempt to fill the fraudulent prescription and that the pharmacy technician,
Mr. Kim, actually had more Aface
time@
with Appellant during the transaction than the pharmacist.  Thus, identity was an issue at Appellant=s
trial, and the trial court did not abuse its discretion by admitting the
extraneous offense evidence on this basis. 
See Karnes v. State, 127 S.W.3d 184, 189B90
(Tex. App.CFort
Worth 2003, pet. ref=d) (ACross-examination
of the State=s
identifying witnesses can raise the issue of identity when the witness is
impeached about . . . the conditions surrounding the offense charged and the
witness=s
identification of the defendant in that situation.@).  We overrule this portion of Appellant=s
first issue. 

B.  Timeliness of Notice








Appellant
next argues that the State did not give timely notice of its intent to
introduce evidence of extraneous offense. 
Article 38.37 of the code of criminal procedure provides that a
defendant who timely requests notice of the State=s
intent to introduce extraneous offenses during the State=s
case-in-chief is entitled to notice Ain
the same manner as the state is required to give notice under Rule 404(b).@  Tex. Code Crim. Proc. Ann. art. 38.37, ' 3
(Vernon Supp. 2009).  Rule 404(b)
requires that the notice of the State=s
intent be Areasonable
notice . . . in advance of trial.@  Tex. R. Evid. 404(b).  AThe
purpose behind the notice provision is to adequately make known to the
defendant the extraneous offenses the State intends to introduce at trial and
to prevent surprise to the defendant.@  Martin v. State, 176 S.W.3d 887, 900
(Tex. App.CFort
Worth 2005, no pet.); see Self v. State, 860 S.W.2d 261, 264
(Tex. App.CFort
Worth 1993, pet. ref=d).  








The
record reflects that Appellant objected to the reasonableness of the State=s
notice of extraneous offenses during trial, but he did not request that the
trial court grant him a continuance. 
Having failed to request a continuance, Appellant has not preserved his
complaint concerning the timeliness of the State=s
notice.  See Martin, 176 S.W.2d
900; Koffel v. State, 710 S.W.2d 796, 802 (Tex. App.CFort
Worth 1986, pet. ref=d) (citing Lindley v.
State, 635 S.W.2d 541, 544 (Tex. Crim. App. 1982)).  Even if Appellant had preserved his
complaint, we note that Appellant=s
case had not been set for trial prior to a March 12, 2009 plea hearing, that
Appellant decided not to plead guilty the morning of the plea hearing, that the
State faxed the 404(b) notice to Appellant=s
counsel the evening of March 13, 2009, that Appellant=s
counsel acknowledged receiving the State=s
notice on March 14, 2009, and that Appellant=s
trial began on March 23, 2009.  See
Martin, 176 S.W.3d at 900 (AGenerally,
what constitutes reasonable notice under Rule 404(b) depends on the facts and
circumstances of the case.@).  We cannot say that the trial court abused its
discretion when it overruled Appellant=s
objection to the reasonableness of the State=s
notice because the trial court could have determined that the State=s
notice was adequate and reasonable under the circumstances of this case.  See id.  We overrule this portion of Appellant=s
first issue.

C.  Sufficient Similarity between Extraneous
Offense and Instant Offense

Appellant
next argues that the instant offense and the extraneous offense are not
sufficiently similar to make the extraneous offense admissible to prove
identity.  When the State uses an
extraneous offense to prove identity by comparing common characteristics of the
crime, the extraneous offense must be so similar to the charged offense that it
illustrates the defendant=s Adistinctive
and idiosyncratic manner of committing criminal acts.@  Page, 213 S.W.3d at 336; Lane v.
State, 933 S.W.2d 504, 519 (Tex. Crim. App. 1996); see Segundo v. State,
270 S.W.3d 79, 88B90 (Tex. Crim. App.
2008).  The evidence must demonstrate a
much higher degree of similarity to the charged offense than extraneous acts
offered for other purposes, such as intent. 
Bishop v. State, 869 S.W.2d 342, 346 (Tex. Crim. App. 1993).








In
reviewing the decision to admit extraneous offense information, appellate
courts should take into account the specific characteristics of the offenses
and the time interval between them.  Thomas
v. State, 126 S.W.3d 138, 144 (Tex. App.CHouston
[1st Dist.] 2003, pet. ref=d).  Sufficient similarity may be shown by
proximity in time and place or by a common mode of committing the offense.  Id.; see also Lane, 933 S.W.2d
at 519.  The extraneous offense and the
charged offense can be different types of offenses so long as the similarities
between the two offenses are such that the evidence is relevant.  Thomas, 126 S.W.3d at 144.  We will not disturb a trial court=s
evidentiary ruling absent an abuse of discretion.  Winegarner v. State, 235 S.W.3d 787,
790 (Tex. Crim. App. 2007).  As long as
the trial court=s ruling is within the zone
of reasonable disagreement and is correct under any theory of law, it must be
upheld.  Id.

Here,
the State introduced evidence that Appellant had presented a fraudulent
prescription to the Big State Drug Store on September 12, 2007, about six weeks
before the instant offense.  The
September 12, 2007 prescription was for 120 pills of Lorcet, a brand name for
dihydrocodeinone. The pharmacy technician asked Appellant for his driver=s
license, and Appellant told her that he did not have it with him but said his
wife had her driver=s license.  Appellant left the pharmacy and returned with
a woman the technician believed to be Appellant=s
wife, and Appellant paid for the prescription and left the pharmacy.  In the instant offense, Appellant presented a
prescription for 120 pills of Lortab, a brand name for dihydrocodeinone.  After the pharmacist informed Appellant that
the prescription would have to be verified before it could be filled, Appellant
stated that he would return to pick up the filled prescription but never did. 








Appellant
argues that the extraneous offense is not sufficiently similar to the instant
offense because Appellant involved another person in the extraneous offense but
acted alone in the instant offense.  We
disagree.  The two offenses were
committed within six weeks, and in each instance, Appellant presented a
fraudulent prescription for 120 pills of dihydrocodeinone (an amount far in
excess of normal prescription amounts), the prescription slip had been created
using an incorrect typeface and physician signature (as opposed to theft of an
actual physician=s prescription pad), neither
named physician had a patient by the name of the person listed on the
prescription to receive the dihydrocodeinone, and an employee from each
pharmacy noticed Appellant=s
distinctive tattoo and identified him from a photo line-up.  To the extent that there are differences
between the two offenses, the offenses are sufficiently similar to be
admissible under rule 404(b) for purposes of proving Appellant=s
identity.  See Burton v. State,
230 S.W.3d 846, 850B51 (Tex. App.CHouston
[14th Dist.] 2007, no pet.) (holding that the differences between the various
offenses did Anot
necessarily outweigh the similarities and thus destroy the probative value of
the extraneous offenses in proving identity@).  We therefore overrule the remainder of
Appellant=s
first issue.

VI. 
Evidence of Appellant=s
Character

Appellant
contends in his second issue that the trial court erred by permitting Officer
Corr to testify about his character and the quantity and potential value of the
controlled substance during the punishment phase of his trial.  The State responds that evidence of character
is admissible under article 37.07, section 3(a)(1) of the code of criminal
procedure and that Appellant did not object to Officer Corr=s
testimony about the potential value of the controlled substance.  We agree with the State.








Section
3(a)(1) of the code of criminal procedure provides in part that, after a
finding of guilty, Aevidence may be offered by
the state and the defendant as to any matter the court deems relevant to
sentencing, including but not limited to . . . an opinion regarding his
character.@  Tex. Code Crim. Proc. Ann. art. 37.07, '
3(a)(1) (Vernon Supp. 2009).  Here,
Officer Corr was asked whether she was familiar with Appellant from her work
with the Diversion Unit of the Narcotics Section of the Dallas Police Department
and whether she had formed an opinion as to Appellant=s
character for being peaceful and law-abiding. 
The trial court overruled Appellant=s
objection to impermissible character evidence, and Officer Corr testified that
her opinion was that Appellant=s
character as peaceful and law-abiding was Avery
bad.@  An opinion concerning Appellant=s
character was, under the express language of article 37.07, section 3(a)(1),
admissible during the punishment phase of his trial, and Appellant does not
argue that Officer Corr=s testimony was not
admissible under article 37.07.  See
id.[3]  We hold that the trial court did not abuse
its discretion by permitting Officer Corr to testify concerning her opinion of
Appellant=s
character during the punishment phase of Appellant=s
trial.  We overrule this portion of
Appellant=s
second issue.








Appellant
also argues that Officer Corr should not have been permitted to testify over
his speculation objection about the potential street value of the controlled
substance because there Awas no foundation to show
that Officer Corr was testifying as an expert witness@ and
there Awas
no evidence to show her qualification[s], the de[g]ree of her conclusiveness[,]
and how it was relevant to the punishment phase.@  However, Appellant=s
complaint on appeal does not comport with the objection he made at trial.  Therefore, Appellant did not preserve this
complaint for appellate review.  See Goodson
v. State, 840 S.W.2d 469, 473 (Tex. App.CTyler
1991, pet. ref=d)
(holding speculation objection at trial did not preserve appellate complaint
concerning improper admission of expert testimony); see also Taylor v. State,
106 S.W.3d 827, 832 (Tex. App.CDallas
2003, no pet.) (holding the appellant failed to preserve argument concerning
admission of police officer=s
testimony as expert because he did not object to the testimony at trial).  We overrule the remainder of Appellant=s
second issue.

VII. 
Conclusion

Having
overruled each of Appellant=s
four issues, we affirm the trial court=s
judgment.

 

 

ANNE GARDNER

JUSTICE

 

PANEL: LIVINGSTON, C.J.;
GARDNER and WALKER, JJ.

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  July 15, 2010











[1]See Tex. R. App. P.
47.4.





[2]See Tex. Health &
Safety Code Ann. ' 481.129(a)(5),
(d) (Vernon 2010).





[3]Appellant does cite Malgar
v. State, 236 S.W.3d 302, 306B07 (Tex. App.CHouston [1st Dist.]
2007, pet ref=d) to support his
argument that the character opinion testimony was inadmissible.  However, the complaint there related to
character witnesses Malgar called to testify during the guilt-innocence phase of
his trial and has no application to Appellant=s case.  Id.