

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-12-00186-CR

ASAEL FURQUIM DEARRUDA, JR.                      APPELLANT
A/K/A ASAEL F. DEARRUDA A/K/A
ASAEL ARRUDA

V.

THE STATE OF TEXAS                                STATE

----------

## FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### Introduction

Appellant Asael Furquim Dearruda Jr. appeals two twenty-year sentences imposed after he pled guilty to two counts of aggravated assault with a deadly weapon. In one issue, he contends that the judgments should be reversed because the trial court erred by allowing the State to introduce evidence of

----

[1]*See* Tex. R. App. P. 47.4.

extraneous bad acts despite the State's failure to provide proper timely notice following Appellant's proper request.  We affirm.

**Procedural Background**[2]

A four-count indictment charged that on or about September 29, 2011, Appellant committed two counts of attempted murder and two counts of aggravated assault with a deadly weapon.  Appellant was arraigned on December 7, 2011, and pled "not guilty" to all counts.  The case went to trial on April 9, 2012.

On April 3, the Tuesday before trial, Appellant filed several pretrial motions including one entitled "Rule 404(b) and Article 37.07 Request for Notice of Intent to Offer Extraneous Conduct."  The court heard all the pretrial motions on the day of trial prior to jury selection.  At that time, Appellant informed the trial court that he would plead guilty and elect for the jury to assess punishment.[3]  The prosecutor also informed the trial court that in a telephone conversation with defense counsel the Thursday evening before trial he had disclosed specific incidences of extraneous conduct that the State intended to use at trial.  The prosecutor secured defense counsel's permission to email information to her

---

[2]It is unnecessary to discuss the complicated factual background of the allegations as they are not germane to the issue raised by Appellant.

[3]The State did not proceed on count one or two of the indictment charging attempted murder, and Appellant pled guilty to aggravated assault with a deadly weapon as alleged in counts three and four.

over the weekend, which he did, and followed up with a written copy on the morning of trial.

Defense counsel acknowledged that she filed her request on Tuesday, two days before the oral notice by phone, and further agreed to the notice procedure offered by the State. Defense counsel objected to the information provided in the emailed and written notice because it contained alleged extraneous conduct she knew nothing about despite the fact that she had, on more than one occasion, viewed the State's file in the criminal case and received other related information from the State.[4]

The following occurred during the pretrial hearing:

> [DEFENSE COUNSEL]: And Your Honor, I would object to that. [W]hen he called me on Thursday, we absolutely had that conversation, we did. I had a copy of the DA's file, which we also went back down a week ago and verified we were current on the DA's file. . . . So, yes, I agree, and you can call it stupidity on my part on agreeing to something I had no idea, I just figured it was the same thing as the DA's file, you know, what was in there.

> [PROSECUTOR]: Now, with regard to the specific things, those are things that have come out of testimony and witness interviews with witnesses who will be testifying in this trial. Therefore, there is no specific documentation to any of that, but those are the type of things that we were discussing over the phone orally before I ever filed this. It's not like we didn't talk about it, about what would be on this notice. I mean I understand it wasn't contained within the file or the reports, but we did have a conversation back on Thursday evening.

---

[4]One of the complainants in the indicted offenses was Appellant's ex-wife who, prior to the events giving rise to the indictment, had obtained a protective order against him. Defense counsel admitted that she had received copies of the filings in the protective order case.

[DEFENSE COUNSEL]: And—and, again, it's the other things that are in here that he admits are from interviews with the witnesses and stuff that I—there's no way I could have known that. And, again, I did interview his daughter and him, and—and did not have any of this information, so I've had no opportunity to even discuss with him. I have gone over about half of them since we got here this morning, but that's all.

[PROSECUTOR]: And I would just reiterate that the late—I mean the notice wasn't filed until early last week. It was late—I mean it was Thursday when I spoke with her about getting permission to do it over the weekend, and I fully intended to stay late that night and get it out that night if I hadn't had permission from defense counsel specific, and that's why I went into as much detail as we could, talking about what it was on the phone before I left for the weekend, because I didn't want that to be a problem.

THE COURT: Well, all right. Well, reurge any objection at the time that any of this is offered, I guess, is —is—and it's not going to come in except in punishment, so you need to reurge any objections that you have at this time, counsel—

[DEFENSE COUNSEL]: Well, because this will—

THE COURT: —outside the—pardon me?

[DEFENSE COUNSEL]: Because this will only be a punishment trial as it is, —

THE COURT: Right.

[DEFENSE COUNSEL]: —in this case, so, again, that's why to me it's so much more important that I could have at least prepared some form of rebuttal to this.

THE COURT: Uh-huh.

[DEFENSE COUNSEL]: And Your Honor, with response to the motions in limine, is there any objection to anything?

[PROSECUTOR]: There's no objection. . . .

THE COURT: All right. Granted.

4

. . . .

[DEFENSE COUNSEL]: And Your Honor, if—I gave you a copy of this. In many cases, there's not even an approximate year of when this alleged incident might or might not have happened. I mean it makes it even more difficult to argue against.

THE COURT: Well, if need be, we can take those matters up outside the jury's presence and I'll make a final ruling at the time that that evidence is proffered. Well, of course, a punishment trial is pretty, as you well know, pretty wide open as to all of incidents of good or bad behavior, as the case may be, whether they result in criminal convictions or not, you know, it's pretty much admissible.

[DEFENSE COUNSEL]: Correct. But, again, it would be good to at least know the approximate dates or times of when they're allegedly to have occurred, and on those grounds, I would object.

THE COURT: All right. Well, I'll overrule your objections at this point. If we need to revisit them, let me know.

## Discussion

In a single issue, Appellant argues the trial court erred by allowing the State to introduce evidence of extraneous conduct without providing complete and timely notice pursuant to a proper request. Appellant's pretrial motion requested notice under article 37.07, section 3(g) of the Texas Code of Criminal Procedure and rule 404(b) of the Texas Rules of Evidence. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 3(g) (West Supp. 2012); Tex. R. Evid. 404(b). The purpose of both of these notice provisions is to prevent surprise by providing information concerning the extraneous crimes or bad acts the State plans to introduce at trial. *Hernandez v. State*, 176 S.W.3d 821, 824 (Tex. Crim. App.

5

2005); *Wham v. State*, No. 02-09-00390-CR, 2011 WL 4413745, at \*2 (Tex. App.—Fort Worth Sept. 22, 2011, pet. ref'd) (mem. op., not designated for publication) ("The purpose of the notice provision is to avoid unfair surprise and to enable a defendant to prepare to answer the extraneous offense evidence.").

Appellant's argument on appeal is consistent with the argument at the pretrial hearing—that the notice provided by the State was incomplete and too late to allow for adequate preparation by defense counsel. Defense counsel objected at the pretrial hearing, which was the earliest opportunity to do so. While the trial court judge overruled counsel's objections at that time, he advised her that if she wanted "to revisit" the objections to let him know and "if need be, we can take those matters up outside the jury's presence and I'll make a final ruling at the time that that evidence is proffered." In his brief, Appellant fails to cite to where he made a single follow-up objection based on improper notice. After a careful review of all the testimony, we cannot find during the testimony of any witness any objection to extraneous offense or conduct evidence based on lack of proper notice.

The law in Texas requires a party to continue to object each time inadmissible evidence is offered. *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003); *Beheler v. State*, 3 S.W.3d 182, 187 (Tex. App.—Fort Worth 1999, pet ref'd). Any error in admitting the evidence complained of on appeal is cured if the evidence came in elsewhere without objection. *See Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991). The two exceptions to this

6

rule are (1) when the party asks for and receives a running objection, and (2) where the evidence is offered outside the presence of the jury and the party receives a ruling. *See* Tex. R. Evid. 103(a)(1); *Ethington*, 819 S.W.2d at 858–59. This ruling has been specifically applied to preservation of error when the objections were that extraneous offense evidence was admitted without proper notice. *Miramontes v. State*, 225 S.W.3d 132, 144 (Tex. App.—El Paso 2003, no pet.).

Recognizing that there was no actual evidence offered in the pretrial hearing, the trial court invited defense counsel to revisit the issues raised and advised that it would then conduct a hearing outside the presence of the jury and make "a final ruling." Defense counsel did not request a hearing on the admissibility of any evidence, renew any objection based on lack of proper notice, or request a running objection. We hold, therefore, that Appellant did not preserve any error that may have occurred when any extraneous offense or conduct evidence was admitted without objection.

Appellant claimed he did not have adequate time to prepare to refute the evidence of extraneous conduct due to the late notice. Yet Appellant did not request a postponement or seek a continuance on the basis of surprise. Having failed to do so, Appellant has waived any complaint that he was surprised by the State's notice. *See Martin v. State*, 176 S.W.3d 887, 900 (Tex. App.—Fort Worth 2005, no pet.); *Koffel v. State*, 710 S.W.2d 796, 802 (Tex. App.—Fort Worth

7

1986, pet. ref'd) (indicating failure to request a continuance forfeits any error urged on appeal on the basis of surprise). We overrule Appellant's sole issue.

## Conclusion

Having overruled Appellant's sole issue on appeal, we affirm the trial court's judgment.

LEE GABRIEL
JUSTICE

PANEL: DAUPHINOT, GARDNER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 11, 2013